## ELLIS *et al.*, *Appellants*, v. KYGER.

1. **Land**: DEED UPON CONDITION SUBSEQUENT: RAILROAD. A deed to a trustee for a railroad, upon the condition that it shall construct its road through the tract conveyed, or if, when constructed, it shall not establish a freight and passenger station upon said tract, the conveyance shall be null and void, but otherwise to remain in full force and effect, is a conveyance upon a condition subsequent. The trustee became seised of the premises, though the estate in him continued defeasible until the conditions were performed, waived, released, or barred by the statute of limitations, or by estoppel.

2. **Performance of Condition, Time of.** Where in such case no time is fixed within which the conditions are to be performed, the law will allow the company a reasonable time.

3. **Ejectment for Condition Broken.** An action of ejectment may be maintained by the grantor or his heirs for condition broken without any entry or demand of possession.

4. **Non-performance of Condition**: WAIVER: ESTATE AFTER CONDITION BROKEN. Mere non-performance of the condition does not divest the estate. Performance of the condition may be waived and the estate continue in the grantee after the breach of the condition, until the person who has the right to insist upon a performance elects to declare a forfeiture. The estate continues with its original incidents until entry, or some act equivalent to it.

5. **Dower.** A widow is entitled to be endowed in all the lands of which her husband or any person to his use was seised of an estate of inheritance at any time during the marriage to which she shall not have relinquished her dower. R. S., sec. 2126.

6. ———: ESTATE CONVEYED ON CONDITION SUBSEQUENT. Where a husband conveys land upon a condition subsequent, his wife joining in the deed and relinquishing her dower, and there was no entry in the lifetime of the husband for condition broken, he was not, therefore, seised of the premises at any time after the execution of the deed, and his widow is not entitled to dower therein. The result would be the same had the heirs of the grantor, and not their grantees only, failed to enter for condition broken.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*J. P. Orr* and *W. W. Wood* for appellants.

(1) The third instruction for defendant should have been refused and the second for the plaintiffs given. The ancient common law rule that only the grantor or his heirs can enter for forfeiture of condition broken was abrogated by statute 32 Henry VIII., which is common law in this state. Coke on Litt. 215*a; Hamilton v. Kneeland*, 1 Nev. 40; 4 Kent's Com., s. p. 126; 2 Cruise's Dig., p. 4, sec. 16; 2 Scrib. Dow. [2 Ed.] 776; 3 Wait's Act. and Def. 70. The reason for the ancient common law rule has ceased and the rule itself should cease. Coke on Litt. 214*b;* 4 Kent's Com., s. p. 127, 128; *Hamilton v. Kneeland,* 1 Nev. 40. And the common law rule has been entirely abrogated by our statutory provisions. R. S., secs. 668, 673, 700. (2) Plaintiffs' third instruction should have been given. No actual entry, either by the grantor or his heirs, was necessary to enable plaintiffs to maintain this action, because an action of ejectment may · be maintained without any entry for condition broken or demand of possession, and an action of ejectment can only be maintained by the person having the legal title. *Austin v. Cambridgeport,* 21 Pick. 215; *Stearns v. Harris,* 8 Allen, 597; *Plumb v. Tubbs,* 41 N. Y. 442; *Cowell v. Springs Co.,* 10 Otto, 55; *Cornelius v. Louis,* 2 Dutch. (N. J.) 376; *Sigler v. VanRiper,* 10 Wend. 414; R. S., secs. 2240–47. The heirs of Jacobs having inherited the property conveyed by the deed to Dillon, trustee, it follows that the widow is entitled to dower. *Butler v. Cheatham,* 8 Bush, 596; *Lorthcutt v. Whipp,* 12 B. Mon. 65, 73. (3) The widow's right of dower does not depend upon any action of the husband or his heirs. R. S., secs. 2197, 2207. (4) The grantors of the defendant

having purchased from the heirs and taken and held possession for nine years under the purchase without claiming any other or better title, the defendant is estopped to deny plaintiffs' right to recover, and plaintiffs' fourth instruction should have been given. 2 Scrib. Dow. [2 Ed.] 232–52; *Kimball v. Kimball*, 2 Me. 226; *Hitchcock v. Carpenter*, 9 Johns. 344; *Montgomery v. Bruere*, 5 N. J. L. 865; *Randolph v. Doss*, 3 Han. [Miss.] 205; *Gayle v. Price*, 5 Rich. [S. C.] 525; *May v. Tillman*, 1 Mich. 262; *Weice v. Morburt*, 55 Ga. 613; *Wedge v. Moore*, 6 Cush. 8; *Coakley v. Perry*, 3 O. St. 347; *Dashiel v. Collier*, 4 J. J. Marsh. 601; *Davis v. O'Ferrall*, 4 G. Greer [Ia.] 358; *Griffith v. Griffith*, 6 Har. [Del.] 5; Real Property Trials, 693; Tiedeman Real Prop., sec. 122, and note. (5) If it be contended that plaintiff has relinquished her right of dower, our answer is that a relinquishment of dower is only co-extensive with the deed in which it is relinquished. 2 Scrib. Dow. [2 Ed.] 312; Park Dow. 196, 207; 1 Rop. Hus. and W. 527; *Stinson v. Summer*, 9 Mass. 138; *Chase's Case*, 1 Bland Ch. [Md.] 158; *Richard v. Talbird*, Rice [S. C.] 458. (6) It is well settled that every interest in land may be released to the terre tenant. Here the evidence shows that a large portion of the deeds to Whitehead were executed after he took possession. *Jackson v. Waldron*, 13 Wend. 221; *Manning's Case*, 10 Coke, 74; *Lampatt's Case*, 10 Coke, 56.

*S. P. Sparks* and *Adams & Bowles* for respondent.

(1) The condition in the deed from Jacobs to Dillon, trustee for the Pacific railroad, was a condition subsequent, and the court did not err in refusing appellants' instruction number one. 4 Kent's Com. 130; *Underhill v. Saratoga*, 20 Barb. 455; *Clark v. Inhabitants, etc.*, 81 Mo. 503. (2) A deed upon condition subsequent conveys a fee with all its qualities of trans-

mission; the condition has no effect to limit the title until it becomes operative to defeat it. *Shattuck v. Hastings*, 99 Mass. 23; 51 Miss. 412. (3) In this deed of Jacobs to Dillon, trustee, the appellant, Polly Ellis, then Polly Jacobs, joined with her husband, and her dower, being properly relinquished, was extinguished. *Frey v. Boylan*, 11 Am. Law Reg. [N. S.] 774; *Nicoll v. Railroad*, 12 N. Y. App. 121. (4) The conveyance of Jacobs and wife invested the trustee, Dillon, with the fee-simple title, and there it remained until defeated by an entry—demand for the possession—made by some one having a right to make such entry. 2 Wash. Real Prop. 451, 452; *Cross v. Carson*, 8 Blackf. 138; *Kenner v. Amer. Con. Co.*, 9 Bush, 202; *Osgood v. Abbott*, 58 Me. 73; *Guild v. Richards*, 16 Gray, 309; *Railroad v. Neighbors*, 51 Miss. 412; *Chapman v. Pingree*, 67 Me. 198; *Douglas v. Fryer*, 3 Mo. 40; *Nicoll v. Railroad*, 12 N. Y. App. 121. (5) No one can take advantage of the non-performance of a condition subsequent annexed to an estate in fee but the grantor or his heirs. If they do not see fit to assert this right to enforce the forfeiture on that ground, the title remains unimpaired in the grantee. *Schulenberg v. Harriman*, 21 Wall. 63; s. c., 14 Am. Law Reg. 459; *Messersmith v. Messersmith*, 22 Mo. 369; *Moore v. Wingate*, 53 Mo. 398; *Jones v. Railroad*, 79 Mo. 92; 1 Shep. Touch. 149; 4 Kent's Com. 56; *Bangor v. Warren*, 34 Me. 329; *Marwick v. Andrews*, 25 Me. 530; *Cross v. Carson*, *supra*. Neither the grantor nor his heirs ever entered for the breach. It seems that they might, after an entry for the breach, have transferred their estate to Whitehead, but not before. *Moore v. Wingate*, *supra*. (6) Neither Jacobs nor his heirs ever actually entered for a breach of this condition; after the breach of the condition neither the grantor nor his heirs could assign the right of entry to another, for the condition itself was gone. *Dumpore's Case*, 1 Smith's Lead. Cas. 73; Coke on Littleton, 214*a*,

214*b;* Shepherd's Touch. 231; 2 Wash. Real Prop. 519; *Guild v. Richards*, 16 Gray, 309; *Dewey v. Williams*, 40 N. H. 222. (7) This right of entry is not a reversion or an estate in lands, and will not pass by assignment or by conveyance of the premises held subject to the condition. *Nicoll v. Railroad*, 12 N. Y. 121, *supra;* Coke on Littleton, sec. 247, 347; 2 Wash. Real Prop., p. 11, sec. 14; *Gray v. Blanchard*, 8 Pick. 284; *Throp v. Blanchard*, 3 Ind. 343; *Hooper v. Cummings*, 45 Me. 359; *Trask v. Wheeler*, 7 Allen, 110. (8) Conditions subsequent are not favored in the law and are strictly construed, because they tend to destroy estates. 4 Kent's Com. 130; 2 Black. Com. 154; Coke on Littleton, 205, 219*b.* (9) The statute, Revised Statutes, section 668, providing that "conveyances of lands or of any estate therein may be made by deed," etc., does not do away with the necessity of an entry by the grantor or his heirs for a breach of a condition subsequent before the conveyance, for until such entry there is, as we have seen, no estate or interest existing which would pass by deed of the land. *Van Ransallaer v. Ball*, 19 N. Y. 104; *Nicolli v. Railroad*, 2 Kernan, 130. (10) A doweress herself cannot enter upon an estate for condition broken, nor is it pretended she did in this case. 1 Park Dow. 346-47. (11) Conceding that Whitehead, as grantee of the heirs of Jacobs, could enter and defeat the estate for breach of the condition in the deed, this would not invest the appellants with dower because there was no privity of the estate between them. Coke on Littleton, 347; 1 Roper Husb. and Wife, 425; Coke on Littleton, 215*b.*

BLACK, J.—This is a suit for the assignment of dower. One of the plaintiffs, Polly Ellis, and her former husband, Isaac Jacobs, on the thirteenth of November, 1859, conveyed to Frederick Billum, in trust for the Pacific railroad, a parcel of land twelve hundred and sixty-seven feet in length by an average width of

five hundred feet. The deed recites that it is made "upon the condition that if the Pacific Railroad Company shall not construct the said railroad through said tract, or if, when constructed, they shall not establish a freight and passenger station upon said tract, then the conveyance shall be null and void, but otherwise to remain in full force and effect." Isaac Jacobs died in 1863. The railroad was completed to a point beyond the tract of land in question in 1865. There was evidence, the bill of exceptions recites, tending to show that the company failed to perform the conditions in the deed, and evidence to the contrary effect. In 1869, Asa Whitehead procured deeds from some of the heirs of Jacobs, and in that year built a house upon the lots in question, which was destroyed by fire. Neither Jacobs in his lifetime, nor his heirs, ever entered or made any effort to recover the property for condition broken. In 1878, Coventry, Cockrell and Zoll, who had acquired the title of Whitehead and the other heirs of Jacobs, quit-claimed a part of the premises described in the deed to the trustee of the railroad company, and the company at the same time quit-claimed the residue to them, from whom defendant acquired his title.

The trial court gave an instruction that, upon the evidence the plaintiffs could not recover. That the conditions in the deed for the construction of the railroad through the land therein described, and the establishment of a freight and passenger depot thereon, were conditions subsequent, is too clear to call for the citation of authorities. The trustee became seised of the premises, though the estate in him continued defeasible until the conditions were performed, waived, released, or barred by the statute of limitations, or by estoppel. As no time was fixed within which the conditions were to be performed, the law would allow the company a reasonable time. 2 Wash. Real Prop. [4 Ed.] 1. Since the railroad was completed to a point beyond the land

in question, in 1865, a reasonable time has long since elapsed; and we must assume, under the instructions given, that the company has failed to perform the stipulations in the deed to the trustee.

It is well settled that an action of ejectment may be maintained by the grantor or his heirs for condition broken, without any entry or demand of possession. *Austin v. Cambridgeport Parish*, 21 Pick. 215; *Plumb v. Tubbs*, 41 N. Y. 442; *Cowell v. Spring Co.*, 10 Otto, 55. Our statute with respect to actions of ejectment leads to the same conclusion. R. S., 1879, secs. 2240–47. But it is equally well settled that non-performance of the condition alone does not divest the estate. Performance of the condition may be waived; and the estate continues in the grantee after the breach until he, who has a right to insist upon performance, elects to declare a forfeiture. The estate continues with its original incidents until entry or some act equivalent to it. 4 Kent, 127; 2 Wash. Real Prop. [4 Ed.] 12; 1 Smith's Lead. Cas. [8 Ed.] 130; 51 Miss. 412; *Kennett v. Railroad*, 9 Bush, 202; *Knight v. Railroad*, 70 Mo. 231. The grantee in the deed of trust, therefore, continued to be the owner of the premises at and after the death of Jacobs, who was not seised at any time after the delivery of the deed. A widow is entitled to be endowed in all the lands of which her husband, or any person to his use, was seised of an estate of inheritance at any time during the marriage, to which she shall not have relinquished her dower. R. S., 1879, sec. 2186. As the plaintiff here relinquished her dower by deed duly acknowledged, and her husband did not enter for condition broken, and was, therefore, not seised of the premises in dispute at any time after the delivery of the deed, it would seem to follow that the plaintiff is not entitled to dower. Washburn says, it is enough that the husband had a seisin in law, with the right to an immediate corporal seisin. If it was not so, it might

often be in the husband's power, by neglecting to take such seisin, to deprive his wife of her right to dower. 1 Wash. Real Prop. [4 Ed.] 215. But here the husband made no entry, nor was he seised in law. The same author in the same connection says, if, at common law, the husband had not, during coverture, anything more than a mere right of entry or of action to obtain seisin, it would not be sufficient to entitle his widow to dower. The mere right of entry upon lands was not sufficient to give dower. 1 Scrib. on Dower, 243. If the husband dies before entry, in a case of forfeiture for condition broken, his wife is not dowerable, because he had no seisin, either in fact or law. 4 Kent [13 Ed.] 38. In *Thompson v. Thompson*, 1 Jones [N. C.] 431, the court said, by way of illustration: "So where one makes a feoffment upon condition, and dies after condition broken, but without revesting his estate by entry, and afterwards the heir enters and revests the estate, the widow is not entitled to dower."

It results from what has been said, both upon principle and authority, that the plaintiff is not entitled to dower in the premises in question. The result would be the same had the heirs of Isaac Jacobs, and not their grantees only, entered for breach of the condition in the deed to Billum.

It is further insisted by the appellants that the defendant is estopped from denying plaintiff's right to dower. This contention is based upon the fact that the defendant's grantors acquired possession and claim of title, at least, from Whitehead, who made claim and took possession alone under his deeds from the heirs of Isaac Jacobs. The authorities all show that the right to enter for condition broken descended to the heirs of Jacobs, the right not having been exercised by him in his lifetime. But though this be true, it does not follow that the widow would, for that reason, be entitled to dower. We have seen that she would not be entitled

to dower because her husband was not seised, either in fact or law. There is, therefore, nothing inconsistent between a claim under them, and the claim that the widow should not be endowed.

It is urged that the general common law rule, which confined the right to take advantage of the non-performance of a condition subsequent annexed to an estate in fee to the grantor or his heirs, has been modified by our statutes with respect to conveyances. We do not stop to consider this question, for it cannot affect the result before reached in this case. ·

The judgment is, therefore, affirmed. All concur.