PAYNE, *Appellant*, v. PAYNE *et al.*

Division One, December 23, 1893.

1. **Marriage Contract**: LIFE ESTATE: REVERSION. A clause in a marriage contract gave to the wife, to her sole and exclusive use and benefit, a life estate in land of the husband and provided that it should "pass and descend" at her death as specified in the "fourth" clause of the contract. The latter clause failed to designate to whom the property should go on her death. *Held*, that upon the death of the husband the title to the reversion vested in his heirs.

2. **Remainder.** A remainder is supported and created by a particular estate and is created at the same time and by the same instrument; it can be acquired by purchase and never by descent.

3. **Dower:** ELECTION.  A widow cannot elect to take absolutely a child's part in lieu of dower in land in which she has no dower interest.

*Appeal from St. Charles Circuit Court.*—HON. .W. W. EDWARDS, Judge.

AFFIRMED.

*John N. Straat* for appellant.

(1) The court below erred in. holding that the fee simple title to the tract of land described in the petition passed and descended to the heirs of Benjamin H. Payne at the moment of his death, and did not pass and descend to his heirs at the moment of the death of his widow, Adelia R. Payne. *Jones v. Waters,* 17 Mo. 587; *Aubuchon v. Bender,* 44 Mo. 560; *Emison v. Whittelsey,* 55 Mo. 254; *DeLassus v. Gatewood,* 71 Mo. 371; *Waddel v. Waddle,* 99 Mo. 338.  (2) The court below erred in holding that under her election to be endowed absolutely of a child's part of her deceased husband's estate, Adelia R. Payne did not take a child's part of the land in question.

*T. F. McDearmon* for respondents.

(1) The fee simple title to the real estate in question, remained in Benjamin H. Payne until his death, and then vested by descent in his five surviving children, Alfred H., Nellie L., Robert H., Jefferson and Fannie F. Payne.  There is nothing in the marriage contract to interfere with this result;  nor is there anything in the said contract to justify the conclusion that Benjamin H. Payne intended any other result. But it makes no difference what his intentions might have been, they can cut no figure against the plain letter and language of the contract and the law of descent.  *Harbison v. Swan,* 58 Mo. 147; *Farish v.*

*Cook,* 78 Mo. 212; *Russell v. Eubanks,* 84 Mo. 82.   (2) There is no question of remainder, either contingent or vested, involved, for the reason that the event or condition which might have created a remainder, vested or contingent, never happened, and therefore such remainder failed.   2 Wash. on Real Prop. [3 Ed.], p. 531, secs. 18, 19, 20, 21; Fearne on Cont. Remainders, 238; 2 Cruise's Dig., 221; *Doe v. Shephard,* 1 Doug. 75.   (3) Adelia R. Payne secured no interest in the land described in the petition (same described in the marriage contract), by her election to take a child's part of her deceased husband's estate. His seisin of said land was not such as would confer a dower right, or any right arising therefrom or dependent thereon.   *Warren v. Williams,* 25 Mo. App. 22: *Gentry v. Woodson,* 10 Mo. 224; 1 Revised Statutes, p. 1033, sec. 4513; 1 Bishop on Married Women, secs. 273, 277; 1 Wash. Real Prop. [3 Ed.], p. 181, secs. 5, 6; Tiedeman on Real Prop. [2 Ed.], bottom page 116, sec. 116; same, bottom page 384, sec. 388; 1 Scribner on Dower, p. 217, sec. 5; 1 Scribner on Dower, p. 308, secs. 1, 2; 4 Kent. Com. 38, 40.

BLACK, P. J.—This was a suit for the partition of four hundred arpents of land situate in the county of St. Charles.   The facts are to the following effect: On the twelfth of December, 1863, Benjamin H. Payne and Adelia R. Gray entered into a marriage contract, the eight clause of which is as follows:

"Clause eight.   In consideration of said future marriage and the sum of one dollar to me Benjamin H. Payne, paid in hand by the said Adelia R. Gray, the receipt whereof is hereby acknowledged and the stipulations hereinafter named, I hereby grant, bargain, sell, convey, remise and release unto the said Adelia R. Gray, during her natural life, and at her death to

pass and descend as specified in the fourth clause of this marriage contract; a certain tract of land situated, lying and being in the state of Missouri, county of St. Charles [describing the land now in suit]. To have and hold the said tracts and parcels of land into her the said Adelia R. Gray, to her sole and exclusive use and benefit."

The parties married immediately after the execution of the contract. Benjamin H. Payne died intestate in the month of September, 1867, leaving five children, namely, Alfred H., Nellie L., and Robert H., who were children by a former marriage, and Jefferson and Fannie, children by said Adelia R. Robert H. Payne, one of the children by the first marriage, died in October, 1889, intestate, unmarried and without issue.

Adelia R. Payne died intestate in March, 1891, never having again married, leaving the two children before mentioned, namely, Jefferson and Fannie.

1. The trial court held that the fee passed to the heirs of Benjamin H. Payne at the moment of his death, thus giving to each heir a one-fifth interest, subject to the unexpired life estate of Adelia R. Payne, formerly Gray. The plaintiff insists that the fee did not pass to the heirs of Benjamin Payne until the death of Adelia R., and hence each took a one-fourth interest, one having died before the death of Adelia; and this difference between the ruling of the court and the claim of the plaintiff, presents the first question for our consideration.

The eight clause of the marriage contract conveys the land to Adelia R. for life "and at her death to pass and descend as hereafter specified in the fourth clause." It is claimed by the plaintiff and conceded by the defendants that the fourth clause of the contract utterly fails to point out to whom the property shall

go after the death of Adelia R. For all the purposes of this appeal, we except the construction thus placed upon the fourth clause as correct, it being our purpose to decide only the questions which are in dispute. We must, therefore, look to the eighth clause alone. For the plaintiff, the contention is, that the title did not pass to the heirs until the death of Adelia R. because of the words "and at her death to pass and descend;" and in support of this we are cited to a number of cases which discuss the subject of vested and contingent remainders. But we do not see that they are of any assistance here; for, if the marriage contract does not provide to whom the property shall go on the death of Adelia R., there is no remainder, either vested or contingent. A reminder is supported and preceded by a particular estate, and is created at the same time and by the same instrument. A remainder can only be acquired by purchase, and never by descent. 2 Wash., Real Prop. [5 Ed.], p. 586; Tiedeman on Real Prop. [20 Ed.], sec. 336. As this contract only disposes of a life estate, as is conceded, it creates no remainder.

Again, as there is nothing in the fourth clause directing how the property shall go after the death of Adelia R., the words of reference found in the eighth clause to the fourth are of no value whatever; and the law of descents must take its course. The marriage contract simply conveyed a life estate to Adelia R., leaving the reversion in Benjamin H. Payne, which passed to his heirs at the time of his death. The heirs took title at that time with the right of possession at the expiration of the life estate. We see no error in the ruling of the court on this branch of the case.

2. Benjamin H. Payne and his wife, Adelia R., resided upon this land from the date of their marriage until his death in September, 1867; and in due time

thereafter she made and filed her election to be endowed absolutely of a share in the land equal to the share of a child, in lieu of dower. The next question is whether she took a share equal to that of a child, by reason of this election.

In considering this question it is to be remembered that she had a life estate in the entire land in question, by virtue of the marriage contract. While what is now section 4523, Revised Statutes, 1889, gives to the widow the right to elect to take a child's part under the circumstances there stated, still the election is made and must be made in lieu of dower; and it must follow that if the widow has no dower right in the land, she has no right to elect to take a child's part therein.

Now, seisin of the husband at some time during the marriage is an indispensable prerequisite in order to entitle the widow to dower; and it must be a seisin in fact or in law. *Gentry v. Woodson*, 10 Mo. 225; *Ellis v. Kyger*, 90 Mo. 606; 4 Kent's Commentaries [13 Ed.], p. 38; 1 Bishop on Married Women, secs. 250, 273. "If, therefore," says WASHBURN, "the husband have only a reversion or remainder after a freehold estate in another, though it be a fee, it will not give his wife a right of dower therein, unless by the death of the intermediate freeholder, or a surrender of his estate to the husband, the inheritance becomes entire in the husband during coverture." 1 Wash. on Real Prop. [5 Ed.], 204.

Here the husband had only a reversion after the life estate. He had no seisin, either in fact or in law, at any time during the marriage. The seisin during the whole of that time was in the life tenant, his wife. Surely an attempt to assign dower, that is one-third for life, to her, when she owned the whole property for her life, would be a novel proceeding.

Davis v. The Mo. Pac. R'y Co.

That Adelia R. had no dower right in or to this land, and therefore no right to elect to a child's part, is too clear to admit of further discussion. The judgment is affirmed. BARCLAY, J., absent; the other judges concur.