LITTLE FALLS WATER–POWER COMPANY OF MINNESOTA v. EDWARD MAHAN and Another.[1]

July 9, 1897.

Nos. 10,608—(193).

**Deed—Condition Subsequent—Breach—Evidence.**

In an action to declare a forfeiture of a deed in which was a condition subsequent and to eject defendants from the premises, in which the court below, upon findings of fact, based its conclusions of law that plaintiff was the owner of the land, was entitled to and should recover possession with $300 damages for its detention, judgment being ordered accordingly, *held*, that the findings were supported by the evidence and justified the conclusions of law, except as to damages.

**Same—Damages for Detention—Demand of Possession.**

*Held*, that there was no evidence which would support the finding that plaintiff demanded possession of the premises from defendants more than three years prior to the commencement of the action, or at any time prior thereto; and that there was no evidence, and no finding upon which to base a conclusion of law, that plaintiff was entitled to judgment for anything more than nominal damages for a detention of the premises.

**Same—Revesting of Estate.**

A deed upon condition subsequent conveys the fee, with all its qualities of transmission. Notwithstanding a breach of the condition, the estate continues in the grantee until defeated by actual entry, or by some act equivalent to entry at common law, made for the purpose of claiming a forfeiture by some one having a right to terminate the estate.

Appeal by defendant Henry Belin from an order of the district

[1] Reported in 72 N. W. 69.

court for Morrison county, Searle, J., refusing to vacate its decision and denying defendant's motion for a new trial. Modified.

*Arthur P. Blanchard,* for appellant.

*Calhoun & Bennett* and *John H. Rhodes,* for respondent.

COLLINS, J.

This was an action to declare a forfeiture of a deed in which was a condition subsequent, and to eject defendants from the premises therein described. The defendant Belin alone answered, and he appealed from an order denying his motion for a new trial, made after the court below, on a trial of the issues, had filed findings of fact, with its conclusions of law, that plaintiff was entitled to a judgment that it was the owner of the premises, was entitled to possession, and should recover the same, together with $300 damages for their detention.

The plaintiff was the grantor in the deed referred to, and another corporation was the grantee. It was executed and delivered without an actual consideration, and contained the usual covenants of warranty, except that the covenant for quiet enjoyment was qualified by the words, "for the purposes hereinbefore set forth." This reference was to the condition mentioned, which followed the description, in these words:

"Said grounds and premises to be used for the purpose of accommodating the manufacturing business of the Falls City Manufacturing Company in the manufacture and sale of sash, doors, blinds, lumber, furnishing, and furniture, said sale and grant being for said purpose only. Said land shall revert to the said party of the first part whenever said property is no longer used for the purpose aforesaid; and in case the said party of the second part or its assigns shall cease to use said premises for said purpose, sixty days shall be allowed said party of the second part or its assigns in which to remove its buildings and machinery therefrom."

The corporation named as grantee entered into possession of the premises soon after the execution and delivery of the deed, and seems to have conducted and carried on the business mentioned in the condition for about one year. It then, in the year 1891, made an assignment of all its property for the benefit of its creditors under the insolvency law of this state. In these insolvency pro-

ceedings defendant Belin acquired all of said insolvent's right and title to the premises, and claimed to be its successor in interest.

From an examination of the evidence it is obvious that all of the findings of fact upon which the court below based its conclusions of law that plaintiff was the owner of the premises at the commencement of the action, was entitled to and should recover possession thereof from the defendants, and that the latter had no right, title, or interest in the property, were abundantly supported by the proofs. It is also obvious that these findings sustained the conclusion of law to the extent above indicated. Nothing more upon this branch of the case need be said.

But by the nineteenth and twentieth assignments of error the defendant challenges the finding of fact that plaintiff demanded possession of defendants more than three years prior to the commencement of the action, and the conclusion that plaintiff was entitled to recover $300 damages for a detention of the property.

There was a total absence of evidence that possession had ever been demanded of either of the defendants prior to the commencement of this action. One of plaintiff's witnesses,—its president and manager,—on being questioned concerning a demand, stated that "three or four years ago" a demand for possession was made of the grantee corporation. He also testified that "about four years ago" he notified the corporation to remove its property from the premises. There was no other testimony as to a demand. Whether this was before or after the assignment did not appear, but it was prior to the time defendant Belin acquired the property by purchase from the assignee. The evidence did not warrant a finding that possession had ever been demanded of either of the defendants. Nor did it even tend to show that either had ever been informed of plaintiff's intention to claim a forfeiture. Of course, a proper demand prior to the time Belin bought might be sufficient to predicate a claim of damages for the subsequent withholding by him, but there was no definite time fixed, and it was not shown whether the demand testified to was before or after the assignment, or whether the corporation or its assignee was in possession. And, in addition to all this, there was no finding that any demand for possession had ever been

made except that hereinbefore mentioned as not supported by the evidence.

To work a forfeiture of the estate held by the grantee in the deed or its assigns, a re-entry, or its equivalent, a demand for possession on the ground of a forfeiture, was essential. The law is elementary that a deed upon condition subsequent conveys the fee with all its qualities of transmission. Notwithstanding a breach of the condition, the estate continues in the grantee until defeated by actual entry, or by some act equivalent to entry at common law made for the purpose of claiming a forfeiture by some one having a right to terminate the estate. This rule has been recognized in this state in the case of a public grant to a railroad company. Minneapolis v. Duluth, 45 Minn. 104, 47 N. W. 464.

The bringing of this action was a demand, and equivalent to re-entry. But damages for an unlawful withholding could only be recovered from the time a demand was made and refused, or from the time the action was brought, not from the time the condition was broken. Nor were damages in the sum ordered by the court recoverable on that part of the findings which found that for three years prior to the commencement of the action defendants had been in the wrongful possession of the premises, had unlawfully withheld the same, and that the reasonable value of the use thereof for said period of three years was $300, in the absence of a finding that any demand for possession had ever been made. Nominal damages only should have been awarded.

Counsel for plaintiff undertake to support that part of the order for judgment which relates to damages upon evidence as to a re-entry for condition broken as far back as February, 1892. From the testimony it incidentally appeared that four or five years before the trial the plaintiff took possession of the premises, and that one or two lawsuits ensued, the nature thereof not being stated. On cross-examination the witness admitted that these lawsuits were dismissed, the assignee was allowed "to continue in possession," and the plaintiff "went out of possession." And it also appeared that when defendant Belin purchased, the assignee was in peaceable possession; that Belin then took actual possession, and thereafter was not interfered with until this action was instituted. Nor was

this evidence considered of sufficient importance to warrant a find-
ing as to re-entry by plaintiff.   The conclusion of the court below
that plaintiff was entitled to $300 damages was evidently based
upon the finding as to the demand made on defendants, and when
that finding falls, as unsupported by the evidence, the conclusion
must fall with it.

The conclusions of law in this respect must be modified as herein
indicated.   If, upon the remanding of the case, this is done, the
order appealed from will stand affirmed; otherwise it is reversed,
and a new trial granted.