## ROSS et al. v. SANDERSON.

No. 6888—Opinion Filed Jan. 9, 1917.

(162 Pac. 709.)

(Syllabus by the Court.)

1. Equity—Breach of Condition Subsequent —Quieting Title.

Notwithstanding its abhorrence of forfeitures, a court of equity will take jurisdiction, not to declare a forfeiture, but to quiet a title already forfeited for nonperformance of a condition subsequent, when the plain language of the instrument shows that it was the purpose of the parties to declare that a breach should operate as a forfeiture.

2. Deeds—Condition Subsequent—Effect.

Where a condition subsequent is raised by apt and sufficient words, the estate conveyed remains defeasible until the condition be performed, destroyed, or barred by the statute of limitation, or by estoppel.

3. Same — Breach of Condition—Action— Prerequisites.

By the weight of authority, an action may be maintained, possessory or otherwise, upon the breach of a condition subsequent, without re-entry, demand, or possession, or notice of forfeiture; the commencement of an action being deemed equivalent thereto.

4. Same—Waiver of Breach.

Generally, the breach of a condition subsequent may be waived by acts showing an intention to continue the estate in the grantee, but no waiver is occasioned by mere indulgence, or mere silent acquiescence, where it does not appear that the grantee understood there was a waiver, or that he relied thereon in proceeding to do the act claimed to operate as a forfeiture.

5. Quieting Title—Condition Subsequent— Forfeiture—Judgment.

Record examined, and held that, in view of the purpose of the forfeiture clause and the facts and circumstances of the case, the portion of the judgment which requires the defendant to replace upon the lots the building, the erection of which breached the condition subsequent, which was removed therefrom during the pendency of the suit, or pay the plaintiff the value thereof, is inequitable and should be set aside.

Error from District Court, Tulsa County; L. M. Poe, Judge.

Suit in equity by Charles A. Sanderson against E. A. Ross and another. Decree for plaintiff, and defendants bring error. Modified and affirmed.

A. J. Biddison and Harry Campbell, for plaintiffs in error.

Davidson & Williams, for defendant in error.

KANE, J. This was a suit in equity commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, for the purpose of quieting a title forfeited for nonperformance of a condition subsequent contained in a deed. Upon trial to the court there was a decree in favor of the plaintiff, to reverse which this proceeding in error was commenced.

Hereafter the parties will be designated "plaintiff" and "defendants," respectively, as they appeared in the court below.

It seems that the plaintiff was the owner of certain lands which he platted into an addition to the city of Tulsa, known as "Beuna Vista Park addition." The lots in question, together with a large number of other lots in the same addition, were conveyed by the plaintiff by quitclaim deed to J. Fred Dee for a stated money consideration of one dollar, subject, however, to the following conditions and restrictions:

"All buildings erected on above described lots to have a foundation not less than 20x30 feet in size; studding on said building not to be less than 16 feet high, and no house erected on said lots to cost less than two thousand dollars, and that no building shall be erected on said lots to be nearer than 25 feet from front lot line, without the consent of grantor in writing. Any violations of the foregoing conditions and restrictions by the grantee, his heirs or assigns, shall work a forfeiture to all title in and to said lots and that the above conditions and restrictions shall extend to and are hereby made obligatory upon the party of the second part, his heirs and assigns forever, together with all and singular the hereditaments and appurtenances thereunto belonging."

The deed containing this restriction was duly recorded in the proper office; and thereafter Dee conveyed the lots in controversy herein to H., who breached the condition subsequent, by nonobservance of its terms as to certain buildings which he erected on the lots. Thereafter the lots were conveyed by H. to these defendants, who were the owners at the time this suit was commenced, some four years after the condition subsequent had been breached.

Counsel for defendants summarize their grounds for reversal substantially as follows: (1) A court of equity will not interfere on behalf of a party entitled thereto for the purpose of enforcing a forfeiture. (2) That defendant in error Sanderson by his conduct estopped himself from enforcing said forfeiture. (3) Defendants in error claimed that the plaintiffs in error had violated the building restrictions in the deed by having a house on the lots of smaller dimensions than those required by the deed, and the defendants in error did not claim to be in possession of the lots, nor did they claim to have ever made any re-entry or demand for possession of the lots; and equity will not grant them relief while they are out of possession and until they have made re-entry or done some act equivalent thereto.

It is true that conditions subsequent working a forfeiture of the estate conveyed should be strictly construed, as such conditions are not favored in either law or equity. But, notwithstanding its abhorrence of forfeitures, a court of equity will take jurisdiction, not to declare a forfeiture, but to quiet a title already forfeited for nonperformance of a condition subsequent, when the plain language of the instrument shows that it was the purpose of the parties to declare that a breach should operate as a forfeiture. Shannon v. Long, 180 Ala. 128, 60 South. 273; Quatman v. McCray, 128 Cal. 285, 60 Pac. 855; Firth v. Marovich, 160 Cal. 257, 116 Pac. 729, Ann. Cas. 1912D, 1190; Lowrey v. Finkleston et al., 149 Wis. 222, 134 N. W. 344; Glocke v. Glocke, 113 Wis. 303, 89 N. W. 118, 57 L. R. A. 458; Latham et al. v. Illinois Cent. R. Co., 253 Ill. 93, 97 N. E. 254; Hartman v. Wells et al., 257 Ill. 167, 100 N. E. 500, Ann. Cas. 1914A, 901.

The condition annexed to the deed before us is couched in such clear and concise language as to leave no room for construction as to its purpose, or the intention of the parties in relation thereto. It being determined that a condition subsequent was raised by apt and sufficient words, it follows that the estate conveyed remains defeasible until the condition be performed, destroyed, or barred by the statute of limitations, or by estoppel. Memphis, etc., Co. v. Neighbors, 51 Miss. 412, citing Warner v. Bennett, 31 Conn. 468; Nicoll v. N. Y., etc., Co., 12 N. Y. 121.

On the second proposition, the rule seems to be that, where there are express words in a deed which of themselves make a condition subsequent, there is no use of a clause reserving a right of re-entry for breach thereof in order to enable the grantor to avail himself of a forfeiture. Adams v. Ore Knob Copper Co. (C. C.) 7 Fed. 634. In a note to the case in 14 L. R. A. (N. S.) 1188, it is said:

"The weight of authority, however, * * * seems to be that an action may * * * be maintained, possessory or otherwise, upon the breach of a condition subsequent, without a re-entry, demand of possession, or notice of forfeiture; the commencement of an action being deemed equivalent thereto."

The following authorities are in point to the same effect: Union P. R. Co. v. Cook, 98 Fed. 281, 39 C. C. A. 86; Ritchie v. Kansas, N & D. R. Co., 55 Kan. 36, 39 Pac. 718; Little Falls Water Power Co. v. Mahan, 69 Minn. 253, 72 N. W. 69; Ellis v. Kyger, 90 Mo. 600, 3 S. W. 23; Bouvier v. Baltimore & N. Y. R. Co., 67 N. J. Law, 281, 51 Atl. 781. 60 L. R. A. 750; Plumb v. Tubbs, 41 N. Y. 442; Union College v. New York, 173 N. Y. 38, 65 N. E. 853, 93 Am. St. Rep. 569; Gulf, C. & S. F. R. Co. v. Dunman, 74 Tex. 265, 11

S. W 1094; Ruch v. Rock Island, 97 U. S. 693, 24 L. Ed. 1101

Of course, it is well settled that a condition may be waived or a forfeiture saved, not only by express agreement, but also by acts showing an intention to continue the estate in the grantee, or to voluntarily forego the benefits of the condition, especially where the grantor's declarations, conduct, or failure to act, when he ought to act, have been at variance or inconsistent with his right to enforce a forfeiture, or have so continued for a long period of time. 13 Cyc. 707; Duryee v. New York, 96 N. Y. 477; Huntington v. Titus, 169 N. Y. 579, 61 N. E. 1135; Carbon Block Coal Co. v. Murphy, 101 Ind. 115; Maginnis v. Knickerbocker Ice Co., 112 Wis. 385, 88 N. W. 300, 69 L. R. A. 833; Adams v. Ore Knob Copper Co. (C. C.) 7 Fed. 634. But it is also well settled that no waiver is occasioned by mere indulgence, mere silent acquiescence, or mere parol assent, especially where it does not appear that the grantee understood that there was a waiver, or that he relied thereon in proceeding to do the act claimed to operate as a forfeiture. 13 Cyc. 707, and cases cited. We have examined the record herein very carefully, and are satisfied that the evidence adduced at the trial, at most, discloses but passive asquiescence on the part of the plaintiff in the breach of the condition subsequent for a period approximating four years before commencing his suit, and that it does not appear therefrom that the defendant understood that there was a waiver or that he relied thereon in purchasing the lots from H.

There is a portion of the judgment below, however, which we think it would be inequitable to enforce. It seems that after the commencement of this action the defendant, without the consent of the plaintiff, removed the objectionable building from the lots in controversy, placing it upon other lots owned by him in an unrestricted district; thereupon the plaintiff prayed that the defendant be required to restore the building to its former site, or that he have judgment for the value thereof, which prayer was granted by the trial court. Mr. Elliott, in his work on Contracts (section 2528), states the theory on which building restrictions in deeds are enforced is that these restrictions are part of a scheme for insuring a good class of buildings on property being sold by a person who has platted same and as an inducement for purchasers to buy. Considering the purpose of the condition, it seems to us that in the circumstances disclosed by the record a court of equity may justly decline to exert its power in behalf of the plaintiff for the purpose of returning this building to a restricted addition where the erection of such a building subverts the purpose sought to be attained by the grantor. In Crane v. Dwyer, 9 Mich. 350, 80 Am. Dec. 87, where the vendor in a land contract declared it forfeited for nonpayment, a court of equity declined to lend its aid for the purpose of restraining the vendee from removing improvements placed by him on the land pending proceedings to recover possession thereof. It is true that the court refused its aid upon the ground that to grant the relief prayed for would aid in enforcing a forfeiture; but still we think there is some analogy between the two cases.

With the modification above suggested, the judgment of the court below will be affirmed.

All the Justices concur.