## SANDERSON v. DEE et al.

No. 6961—Opinion Filed Nov. 20, 1917.

(168 Pac. 1001.)

(Syllabus.)

**1. Deeds—Breach of Condition—Equitable Jurisdiction.**

"Notwithstanding its abhorrence of forfeitures, a court of equity will take jurisdiction, not to declare a forfeiture, but to quiet a title already forfeited for nonperformance of a condition subsequent, when the plain language of the instrument shows that it was the purpose of the parties to declare that a breach should operate as a forfeiture."

**2. Same — Condition Subsequent — Defeasance.**

"Where a condition subsequent is raised by apt and sufficient words, the estate conveyed remains defeasible until the condition be performed, destroyed, or barred by the statute of limitations, or by estoppel."

**3. Same—Breach of Condition Subsequent —Action.**

"By the weight of authority, an action may be maintained, possessory or otherwise, upon the breach of a condition subsequent, without re-entry, demand or possession, or notice of forfeiture, the commencement of an action being deemed equivalent thereto."

**4. Same—Waiver of Breach.**

"Generally the breach of a condition subsequent may be waived by acts showing an intention to continue the estate in the grantee, but no waiver is occasioned by mere indulgence, or mere silent acquiescence, where it does not appear that the grantee understood there was a waiver, or that he relied thereon in proceeding to do the act claimed to operate as a forfeiture."

Error from District Court, Tulsa County; L. M. Poe, Judge.

Suit in equity by Charles A. Sanderson against J. Fred Dee, B. S. Davis, and others. Case dismissed as to the defendants other than Davis, demurrer to plaintiff's testimony sustained, and he brings error. Reversed, and remanded for a new trial.

Davidson & Williams, for plaintiff in error.

A. J. Biddison and Harry Campbell, for defendants in error.

RAINEY, J. This action is a suit in equity commenced by Charles A. Sanderson, as plaintiff, in the district court of Tulsa county, Okla., against J. Fred Dee, J. W. Horner, M. D. Russell, B. S. Davis, Union Trust Company, Campbell & Russell, and J. O. Campbell, by which Sanderson sought to have the title to certain lots in the city of Tulsa forfeited. The lots, together with other lots, were conveyed by the plaintiff to J. Fred Dee, subject to the following conditions and restrictions, which were incorporated in the conveyance:

"All buildings erected on above-described lots to have a foundation not less than 20x-30 feet in size; studding on said building not to be less than 16 feet high, and no house erected on said lots to cost less than two thousand dollars, and that no building shall be erected on said lots to be nearer than 25 feet from front lot line, without the consent of grantor in writing. Any violations of the foregoing conditions and restrictions by the grantee, his heirs or assigns, shall work a forfeiture to all title in and to said lots, and that the above conditions and restrictions shall extend to and are hereby made obligatory upon the party of the second part, his heirs and assigns, forever, together with all and singular the hereditaments and appurtenances thereunto belonging."

On application to the court, Sanderson was given leave to elect as to which of the defendants in the case he would proceed against, and, having elected to proceed against the defendant B. S. Davis, the cause was dismissed without prejudice as to the other defendants.

The plaintiff alleged in his petition that the defendant had violated the building conditions and restrictions stated in the deed, by erecting on the lots in controversy a certain building of smaller dimensions and of less value than that required by the deed of conveyance, and that the total cost of the house was much less than that specified in the deed, and that the plaintiff had not given his consent in writing for the erection of said house. Davis obtained title to the property through conveyances from Dee's grantees.

The evidence offered by the plaintiff supports the allegations of the petition as to the character of the house erected on lot 7. At the close of plaintiff's testimony the the trial court sustained a demurrer thereto, and the plaintiff in error, Sanderson, who was plaintiff below, brings the case here for review.

The case of E. A. Ross et al. v. Sanderson, 63 Okla. 73, 162 Pac. 709, L. R. A. 1917C, 879, is a companion case to the case at bar, and the decision in that case governs this one in all its material aspects. The facts are slightly different. In the former case the trial court upheld the contention of Sanderson, and this court affirmed the

case on the main propositions involved therein, and held that a court of equity would take jurisdiction to quiet a title already forfeited for nonperformance of a condition subsequent, when the plain language of the instrument shows that it was the purpose of the parties to declare that a breach should operate as a forfeiture. As the law in the two cases is the same, we presume that the trial court did not think the facts in the instant case entitled Sanderson to the relief sought. It is possible that the trial court changed his view of the law after the rendition of the judgment in the first case and before the trial of the one at bar. It is contended here, as in that case, that a court of equity will not interfere on behalf of the party entitled thereto for the purpose of enforcing the forfeiture, and that plaintiff's cause of action is one at law.

Since the Ross Case, supra, with which we are satisfied, supports Sanderson's contention, the only remaining question for decision is whether or not he waived the breach of the conditions subsequent by acts showing an intention to continue the estate in the grantee.

In the case hereinbefore referred to, in the fourth paragraph of the syllabus, we held:

"Generally the breach of a condition subsequent may be waived by acts showing an intention to continue the estate in the grantee, but no waiver is occasioned by mere indulgence or mere silent acquiescence, where it does not appear that the grantee understood there was a waiver, or that he relied thereon in proceeding to do the act claimed to operate as a forfeiture."

On direct examination Sanderson testified that he had not at any time given his consent in writing for the erection of the building, in violation of the conditions of the deed, and that he had not at any time given his consent in writing to anybody to use the building as a residence. It was brought out by defendant, on cross-examination, that Sanderson had been informed that the building was going to be erected and lived in until such time as a house could be built on the front of the lot, and that Sanderson had not protested at that time, nor after the building was erected and occupied. He also testified that on another occasion he was asked to consent in writing to the erection of the building, and that he had refused, but that he did not make any objections to the building being used temporarily. The evidence further discloses that, although Mr. Russell, the man who

built the house, in the summer of 1909 told Mr. Sanderson that he was going to use it temporarily, Russell lived in it for some time and until he sold it, without having erected any other residence on the lot, and that B. S. Davis, who purchased the property from Russell, did not make any attempt to move the house or to change it until after the institution of this suit in November, 1910. It reasonably appears from the evidence, giving it the weight it is entitled to on demurrer, that if there ever was any intention on the part of Russell to use the house temporarily such intention was abandoned by him and was never carried out by his grantee, Davis.

From the evidence it appears that the house was erected on lot 7, and did not cost to exceed $300 or $350. We have examined all the evidence, and think it was sufficient to withstand the demurrer as to lot 7, and for this reason the case is reversed, and remanded for a new trial. It does not appear from the evidence that any building has been erected on lot 8, and on a retrial the plaintiff would not be entitled to cancel the conveyance to this lot.

All the Justices concur.