### SANDERSON v. DAVIS.

No. 11646—Opinion Filed May 15, 1923.

(Syllabus.)

**1. Deeds—Conditions Subsequent — Breach —Waiver.**

A condition subsequent contained in a deed may be waived or forfeiture saved, not only by express agreement, but also by acts showing an intention to continue the estate in the grantee, or to voluntarily forego the benefits of the condition, especially where the grantor's declarations, conduct, or failure to act, when he ought to act, have been at variance or inconsistent with his right to enforce a forfeiture, or have so continued for a long period of time.

**2. Same—Quieting Title—Judgment — Affirmance.**

Record examined, and held, that the finding of the trial court that the acts of the grantor were inconsistent with the right to enforce a forfeiture are not clearly against the weight of the evidence, and the judgment of the trial court is affirmed.

Error from District Court, Tulsa County; Owen Owen, Judge.

Action by Charles A. Sanderson against B. S. Davis to quiet title. Judgment for defendant, and plaintiff brings error. Affirmed.

Davidson & Williams, for plaintiff in error.

Biddison & Campbell, for defendant in error.

COCHRAN, J. This was an equitable action commenced by plaintiff in error, plaintiff below, for the purpose of quieting title to a lot in the Buena Vista Park addition to the city of Tulsa, which title was alleged to be forfeited for nonperformance of a condition subsequent contained in the deed. Judgment was rendered for the defendant, and the plaintiff has prosecuted appeal to this court.

The plaintiff was the owner of certain property which was platted into an addition to the city of Tulsa and known as the Buena Vista Park addition. The lot in question was conveyed by the plaintiff by quitclaim deed to J. Fred Dee, and the deed contained the following restriction:

"All buildings erected on above-described lots to have a foundation not less than 20 by 30 feet in size, studding in said building not less than 16 feet high, and no house erected on said lots to cost less than $2,000, and no buildings shall be erected on said lots nearer than 25 feet of the front of lot line without the consent of the grantor in writing. Any violation of the foregoing conditions and restrictions by the grantee, his heirs or assigns, shall work a forfeiture to all title in and to said lots, and the above conditions and restrictions shall extend to and are hereby made obligatory upon the party of the second part, his heirs and assigns forever."

The deed conveyed the lot in controversy to Murray D. Russell, and Russell erected a small house on this lot which did not meet

the building requirements contained in the foregoing restriction. Thereafter the lot was conveyed to B. S. Davis, defendant in this action. The trial court made the following finding:

"I find the fact to be that the little house built on the lot in controversy was built as a barn and was used as a residence temporarily by Mr. Russell, and the erection of the barn was to be appurtenant to the residence to be thereafter erected and was to be used between the time of its completion and the erection of the residence, as a residence. I infer that Mr. Russell and Mr. Campbell, Mr. Sanderson and Mr. Ross thought it for the best interest of the Buena Vista Park addition that these gentlemen should build houses on Cheyenne street. That the abandonment of the intention to immediately erect a house on the lot in question was at the instance of Mr. Sanderson, Mr. Campbell and others interested in the Buena Vista addition; that the erection of the small house on the lot in question at the time of its erection did not constitute a breach of the condition, but by reason of the agreement among these gentlemen to build a house on Cheyenne instead of the lot in question, that it would be inequitable to enforce the forfeiture in this case, and the judgment is therefore for the defendant."

In the case of Sanderson v. Dee, 67 Okla. 72, 168 Pac. 1001, this case was before this court from a judgment rendered by the trial court sustaining a demurrer to plaintiff's testimony, and it also appears that a case involving another lot in the same addition was before this court in Ross v. Sanderson, 63 Okla. 73, 162 Pac. 709, and in that case this court said:

"Of course, it is well settled that a condition may be waived or a forfeiture saved, not only by express agreement, but also by acts showing an intention to continue the estate in the grantee, or to voluntarily forego the benefits of the condition, especially where the grantor's declarations, conduct, or failure to act, when he ought to act, have been at variance or inconsistent with his right to enforce a forfeiture, or have so continued for a long period of time."

In the case at bar, according to the testimony of the defendant, the small house in controversy was constructed at the special instance and request of the plaintiff. Mr. Russell had been living on Cheyenne street, some blocks from the lot in controversy, and a Mr. McDonald moved to Tulsa and wanted a house in that section of town to live in. Mr. Sanderson and others were interested in getting as many people located in that section as possible, and Mr. Sanderson suggested that Mr. Russell build a small house which could afterwards be used as a barn, or garage, on the lot in controversy and use it temporarily as a residence, letting Mr. McDonald live in Mr. Russell's house. Mr. Russell agreed to this, and Mr. Sanderson went with him to the lot in controversy and assisted in selecting the place where the building should be constructed and assisted in hauling material for the construction thereof. At that time, Mr. Russell expected to build his residence on lots 7 and 8. It is conceded by the plaintiff that the construction of the small house to be used as an appurtenance to the residence to be constructed on this lot would not be in violation of the restriction contained in the deed, and it appears that it was the intention of Mr. Russell to construct a residence on these lots at that time. Before Mr. Russell's residence was begun, however, Mr. Sanderson decided that he preferred to have the building on Cheyenne street, that it would assist in building up the addition, and he requested Mr. Russell to build his house on Cheyenne street instead of the lot in controversy. Mr. Russell agreed to do this and abandoned his plan to build the residence on the lot in controversy. After Mr. Russell moved out of the small house, which was built on lot 7, it was converted into a barn and continued to be used as a barn for some time. It appears from the testimony that at certain times it was occupied by transients, but the testimony of Russell was that this was without his consent. As stated above, this is the testimony from the defendant's standpoint, and the finding of the trial court is in accordance with that testimony and is not clearly against the weight of all the testimony in the case. Such being the case, it appears to us that the actions of the plaintiff in advising the construction of the building in the first instance and in soliciting the abandonment of the plan to construct a residence to be used in connection with the small building which had been constructed are inconsistent with the rights of the plaintiff to enforce a forfeiture.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.