BUCKLES et al. v. SMITH.

No. 31562.   Jan. 9, 1945.

Rehearing Denied March 27, 1945.

*156 P. 2d 1019.*

P. D. Erwin, of Chandler, and Fred W. Green, of Guthrie, for plaintiffs in error.

S. J. Berton, of Cushing, and M. A. Cox, of Chandler, for defendant in error.

BAYLESS, J.   May Maud Buckles, claiming to be the adopted daughter and sole heir, and J. W. Buckles, appearing as the administrator of the estate of Peter Schafer or Shafer, now deceased, as joint plaintiffs, instituted an action in the district court of Logan county against William E. Smith and others, and being unsuccessful, appeal to this court from the judgment rendered in the trial court in favor of the defendants.

The plaintiffs' petition, containing two causes of action, was in the short form. In the first cause of action it was alleged that Schafer died intestate April 26, 1927, owning the real estate involved, and that they are entitled to possession; and in the second cause of action they ask to have the title quieted as against the defendants. The defendants are the stepson and the heirs of another stepson of Schafer. They

defended by pleading that on or about November 7, 1907, Schafer, the widower of their deceased mother, conveyed the stepsons this land for a good and valuable consideration, the consideration being that they pay him $400 per year during his lifetime for his support. They alleged further that all parties had fully complied with the contract, that Schafer died on the date specified in the petition, and by reason of these facts they are the owners of the property free of any claim on the part of the plaintiffs. They also pleaded possession since 1907 of character designed to support title by prescription. They also filed a cross-petition based upon the same facts and therein prayed to have their title quieted as against the plaintiffs. The plaintiffs filed a reply admitting the execution and delivery of the deed by Schafer, and the contents and purport thereof, and the defendants obtained possession of the land thereunder, but they alleged further that the execution and delivery of the deed was procured by the grantees therein named by imposing on the relation that existed between them and Schafer, and by fraud and deceit, and that there existed at all times thereafter and until Schafer's death a breach of the obligation of defendants to Schafer, and they denied that defendants' possession or any act thereunder was designed or intended to give notice of a claim of adverse possession.

The case came on for trial, and at the conclusion of the introduction of plaintiffs' evidence the defendants demurred and, when their demurrer was overruled, rested without offering evidence. The evidence introduced by the plaintiffs shows substantially the following facts: (1) Schafer married Fredericka Smith, who was the mother of the Smiths named in Schafer's deed; (2) Mrs. Schafer died in 1906, and in 1907 Schafer executed and delivered to his stepsons the deed in question and it is undenied that it was given by him to them in return for their promise to pay him $400 per year during his life and further to look after him in case of illness and furnish medicines, etc.; (3) it appears that the Smiths went into possession of the real estate involved although there is evidence that some of the tenants paid taxes on the property and accounted to Schafer for the balance of the rent up until about 1922, after which time and until Schafer's death in 1927, the tenant accounted to one of the Smiths; (4) in 1922 Schafer was charged with a crime and in the course of preparing for his defense and making arrangements for his business affairs, in view of the life sentence imposed on him, then an aged man, made a will. An instrument identified as a copy of the will Schafer made was introduced in evidence. In this purported will he stated it was his purpose in making it to not only adjust his affairs but to inform Mrs. Buckles, his adopted daughter, of the status that existed between him and the Smiths by virtue of the execution of the aforementioned deed. The purported will recited that he had been paid a certain sum of money and that he had agreed on that date with Henry Smith that the Smiths then were in arrears and owed him $3,025. Under said purported will he left all that he possessed to Mrs. Buckles, including the right to collect this arrearage, and named Henry Smith administrator; (5) in 1927 Schafer died; (6) Mrs. Buckles had married about 1905 or 1906, and in 1911 had removed to Nebraska, where she remained until 1937 without communicating directly with Schafer or the Smiths; (7) about 1937 she and her husband returned to Oklahoma and the vicinity of this land, and in the course of the next three or four years made inquiries relating to the affairs of Schafer, which resulted in the initiation of administration proceedings on the estate of Peter Schafer, deceased. Letters of administration were issued to J. W. Buckles April 11, 1941; the Buckles and their attorney were shown a carbon duplicate (not executed) of the will made by Peter Schafer, and on February 6, 1942, shortly before this case came on for trial, the Buckles demanded, under authority of 12 O.S. 1941

§ 482, the right of inspection of certain documents, including the will of Peter Schafer, deceased, which it was alleged was in the possession of Henry Smith. We believe this statement of essential facts shown by the record is sufficient to disclose the issues of law tried and presented to the trial court.

The action was tried February 16, 1943. When the trial court overruled defendants' demurrer to the plaintiffs' evidence, and the defendants rested without introducing evidence, the plaintiffs tendered an amendment to their reply, and asked permission to file it. This was denied. The amendment to the reply, in substance, alleged: (1) that the Smiths, and particularly Henry Smith, the executor nominated in the will, had concealed from plaintiffs the fact of the will; (2) that they did not learn of the execution of the will by Schafer until November, 1941; (3) that at the time Schafer executed and delivered the deed to Smiths he and Smiths executed a written contract wherein they set out the terms and conditions of the obligation assumed by Smiths in consideration of the deed they received; (4) that Smiths concealed from them knowledge of this contract until after Smiths recorded it on February 11, 1943; (5) that by virtue of the will May Maud Buckles was devisee of the entire estate of Schafer; (6) that as a result of these things she had another and alternative cause of action against Smiths, to wit, the establishment of the will and the enforcement of its provisions; and (7) that the concealment of the will and contract by Smiths was a fraud on her and her rights, and her recent discovery thereof entitled her to maintain the alternative action at this time. She asked for relief.

The court thereupon rendered judgment against the plaintiffs and in favor of the defendants quieting the title of the defendants.

The plaintiffs have presented several assignments of error, which in turn are subdivided. These fall into two classes. In one class of assignments and argument the plaintiffs complain of the error of the lower court in denying them judgment and in entering judgment for the defendants. In the other, they complain of the error of the trial court in refusing to permit them to file the amendment to their reply and in preventing them from pursuing the alternative cause of action set out therein.

Upon consideration of the rules relating to deeds made in consideration of a promise to support and care for, Bush v. Bush, 142 Okla. 152, 286 P. 322, we are of the opinion that the evidence of plaintiffs, as outlined above, falls short of showing that there was a breach of the contract that justified the relief they sought.

The most that can be said for the plaintiffs' evidence as it applied to the cause of action set out in the petition is that it tends to show that a breach of the obligation assumed by the Smiths existed at one time, several years prior to Schafer's death. What the status of the rights of the respective parties to the deed and contract at Schafer's death was is not shown. If a breach existed in 1922, it might have been repaired before Schafer's death. Also, he may have expressly waived the breach, a thing we have held can be done, Sanderson v. Davis, 89 Okla. 271, 215 P. 603, or may have waived one of the remedies therefor, the right to re-enter. If it is established that Schafer left a will authorizing Mrs. Buckles to inherit and enforce the money due under the terms of the will and contract, such would absolutely amount to an election of remedies by Schafer in his lifetime and preclude plaintiffs from enforcing the right pleaded in their petition. We are of the opinion the trial court did not err in refusing plaintiffs' judgment on their petition.

The trial court did not err in refusing plaintiffs permission to amend their reply. Treating their proffered amendment as being made in conformity with the evidence concerning the will they introduced to show a breach of the obligation, we are of the opinion that it does no more than show that if Schafer

executed a will it has been lost or destroyed by others than Schafer. Thus, as a prelude to recovery, they must establish the fact of a lost or destroyed will. By virtue of 58 O.S. 1941 § 81 et seq., proceedings to establish lost or destroyed wills must be brought in the county courts, and the jurisdiction of those courts for that purpose is exclusive. The trial court, a district court, could not entertain jurisdiction thereof.

The judgment appealed from is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur.