[Civ. No. 2674. Third Appellate District.—February 1, 1924.]

## W. D. THORNTON, Appellant, v. J. M. PHELAN, Respondent.

[1] Mining Law—Abandonment—Intent—Burden of Proof.—Abandonment is a question of intention and may be proved by the acts and conduct of the party alleged to have abandoned the property in controversy; and the burden rests upon the party alleging abandonment to prove the same by satisfactory and competent ♦ evidence.

[2] Id.—Quieting Title—Proof of Abandonment—Acts of Stockholder.—In an action to quiet title to certain mining claims, in which action plaintiff's claim of title is predicated upon an alleged abandonment by the corporation that had theretofore held the title, evidence that during the year of the alleged abandonment the corporation forfeited its right to do business in the state, and testimony by a certain witness that he "was a stockholder in the corporation, and had no other interest in the corporation, except as a stockholder," that the corporation "abandoned the property" the preceding year and he "abandoned the claims" the year in question, that he "went ahead and did the work" the year in question for his own protection, and after the work was completed he abandoned it entirely, and the corporation "has made

---

1. Abandonment and forfeiture of mining claims, note, 87 Am. St. Rep. 403.

no claim to that property since that time," is not sufficient to establish the fact of abandonment.

[3] ID. — PREMATURE LOCATION — TITLE. — A relocation of a mining claim before a former location has lapsed or has become forfeited for nonperformance of the annual assessment work is of no validity, and the person making such relocation acquires no title thereby.

[4] ID.—ANNUAL ASSESSMENT WORK—PAYMENT IMMATERIAL.—In an action to quiet title to certain mining claims, the trial court having found from sufficient evidence that the annual assessment work for a certain year was done for the use and purposes of the corporation that at that time held the legal title, it is immaterial whether the cost of said work was or was not paid by said corporation. The work having been done to the amount required by law, the effect thereof would be the same, even though the labor has been gratuitous.

[5] ID.—EVIDENCE—IRRELEVANT LETTERS.—In such an action, the trial court does not commit error in striking from the testimony certain letters offered in evidence by the plaintiff, where such letters were written in relation to other litigation then pending and do not bear upon any of the issues tendered in the case and, although presumably sought to be introduced to support plaintiff's theory of abandonment, they do not contain anything tending to support such theory.

[6] ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Where the affidavits offered by the plaintiff in support of his motion for a new trial on the ground of newly discovered evidence show that the evidence claimed to be new is simply cumulative and contradictory only of testimony already having been given, the trial court, in its sound discretion, may properly deny a new trial.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. C. Webster for Appellant.

J. T. B. Warne and Rowan Hardin for Respondent.

3. Relocation of mining claim as abandoned or forfeited, note, 68 L. R. A. 833.

6. Cumulative evidence as ground for new trial in civil cases, notes, Ann. Cas. 1913D, 157; L. R. A. 1916C, 1162.

PLUMMER, J.—Plaintiff began an action to quiet title to certain quartz mining property situated in the county of Tuolumne, state of California. The title to these premises was formerly in the Santa Ana Mining Company, a corporation. The appellant bases his claim to the property in question by virtue of the locations made thereof on January 1, 1917. Respondent claims said property by virtue of a subsequent location made thereon by him on April 10, 1920. The plaintiff asserts that prior to January 1, 1917, the Santa Ana Mining Company had abandoned the claims involved in this action. The respondent maintains that the property was not open to location on January 1, 1917, for the reason that the assessment work had been done on the claims in 1916 for the benefit of said Santa Ana Mining Company, and that said mining company had not abandoned its properties. The court found that the assessment work had been done by the Santa Ana Mining Company or for its benefit up to and including the year 1916, and that up to the first day of January, 1917, said company had not abandoned any of the mining claims involved herein. The court further found that during the years of 1917, 1918, and 1919 the Santa Ana Mining Company caused no assessment work to be done upon any of said mining claims, and that the assessment work required by law to be done during the said years was not performed by said company or by anyone for its benefit and also that said company did not, during any of said years, file a certificate showing that it claimed the benefit of the acts of Congress of the United States suspending the requirement of the performance of annual labor on mining claims during said years and consequently that commencing with the year 1918 the mining properties theretofore belonging to the Santa Ana Mining Company were open to relocation. The court also found that the Santa Ana Mining Company on or about February 27, 1915, forfeited its right to do business in the state of California, and that the directors of said company thereupon became the trustees of said corporation, all of whom were made defendants in this action but failed to appear or make any defense therein. It is urged by appellant herein that prior to the year 1916 the Santa Ana Mining Company had abandoned its properties and also that during the year 1916

it did no assessment work thereon, and that no assessment work was done on said properties for its use and benefit and, hence, that the property was open for relocation on January 1, 1917. The court found against appellant on both of these contentions and it is insisted that such findings are not sustained by the evidence.

[1] The decisions are uniform in holding that abandonment is a question of intention and that abandonment may be proved by the acts and conduct of the party alleged to have abandoned the property in controversy. The burden, also, rests upon the party alleging abandonment to prove the same by satisfactory and competent evidence. [2] Upon this question, our attention has only been called to the fact that in February, 1915, the Santa Ana Mining Company, as a corporation, forfeited its rights to do business in the state of California by reason of failure to pay corporation taxes required to be paid by the laws of this state, and to the testimony of the witness J. T. Callahan. The testimony of this witness, as set out in the transcript, is as follows: "I was a stockholder in the corporation, and had no other interest in the corporation, except as being a stockholder. The company abandoned the property in 1914 and I abandoned the claims in 1915. I went ahead and did the work in 1915 for my own protection, and after the work was completed I abandoned it entirely, and the Santa Ana Mining Company has made no claim to that property since that time." A reading of this testimony is all that is necessary to show that it is entirely insufficient to establish the fact of abandonment. No act or transaction on the part of the company or of the persons who became trustees of the property belonging to the company showing an intent to abandon the property appears in such testimony. The intent to abandon the property by this witness has no bearing upon the issue involved and his statements as to abandonment by the company are simply the conclusions of the witness and are not in any sense of the word evidentiary facts from which the court could draw the conclusion of abandonment by the company. The witness Callahan further testified, first, that he was the agent of the company, but upon cross-examination he testified as follows: "I was not an authorized agent. I was a member of the company. I came with the understanding that I

would be doubly compensated for my work, but I was not an authorized agent. I assumed that.'' Upon such testimony the court could only conclude that the witness was acting for himself.

It is next insisted by the appellant that the evidence is insufficient to sustain the finding of the court that the assessment work required by law was done upon the premises involved herein for the year 1916. Upon this question the evidence is in direct conflict, Joseph Thomas Callahan testifying that no work was done upon said said premises during the year in question. On the other hand, the witnesses Timothy Henry Carlon, George Edward Watson, and Herman Meyertholen all testified to having been upon the premises in the year 1916 and the beginning of the year 1917, and that the assessment work done on all of the mines belonging theretofore and constituting the property belonging to the Santa Ana Mining Company was done and performed by one John James, and also one of these witnesses testified to the fact of having paid the said James for such services.

If believed by the trial court, this testimony was sufficient to show that the said James commenced doing the assessment work upon the mining claims involved in this action and known as and called the Eureka and Mississippi Quartz Mining Claims, in the month of December, 1916, and continued in said work until it was finally completed, and, hence, as to these properties no valid location thereof could be made on January 1, 1917. As hereinbefore stated, there is no question raised as to the failure of the Santa Ana Mining Company to do the required assessment work for the years 1917, 1918, and 1919, and also of its failure to file the certificate required by the acts of Congress. It necessarily follows that the premises were open to relocation at any time on and after January 1, 1918.

[3] The law is well settled that a relocation of a mining claim before a former location has lapsed or has become forfeited for nonperformance of the annual assessment work is of no validity and the person making such relocation acquires no title thereby. (*Gwillim* v. *Donnellan,* 115 U. S. 45 [29 L. Ed. 348, 5 Sup. Ct. Rep. 1110, see, also, Rose's U. S. Notes]; 18 R. C. L., tit. ''Mines,'' sec. 47.)

[4] The court having found that the annual assessment work for the year 1916 was done for the uses and purposes of the Santa Ana Mining Company, it is immaterial whether the cost of said work was or was not paid by the Santa Ana Mining Company. This court has held in the case of *Anderson v. Caughey*, 3 Cal. App. 22 [84 Pac. 223], that if the work is done to the amount required by law, the effect thereof would be the same, even though the labor has been gratuitous.

[5] Appellant also insists that the trial court erred in striking from the testimony two letters written by Frank J. Callahan to one of his brothers, in one of which it is stated that Timothy Carlon was not authorized to act as agent of the mining company and in the other, in speaking of certain work done in the mining premises, it is said: 'Why he did the last 2 years' work is beyond me. I did not authorize him to do it. You know that ditch man wired me to get me to acknowledge Tim as my agent and I paid no attention to his request.'' These letters were written in relation to other litigation then pending. They do not bear upon any of the issues tendered in this case, but were probably sought to be introduced to support the theory of abandonment. We do not see anything in them tending to support such theory; hence, if the letters had been allowed to remain in evidence, we cannot see that the result would have been any different from that arrived at by the trial court. The fact that two years' assessment work was done without being authorized by Frank Callahan would not alter the fact of the work having been done. [6] Appellant also sought a new trial in the lower court on the ground that new evidence had been discovered. The affidavits set out in the transcript show that the evidence claimed to be new is simply cumulative and contradictory only of testimony already having been given. Witnesses for the plaintiff testified that the required assessment work was not done upon the premises during the year 1916. The witnesses mentioned in the affidavits, according to their affidavits, would testify to the same effect.

Again, newly discovered evidence is also simply contradictory and comes within the rule laid down in the case of *Estate of Walden*, 166 Cal. 446, where on page 450 [137 Pac. 35, 37], the court says: ''We cannot say that the court

below abused its discretion in denying the motion for a new trial so far as it was based on newly discovered evidence. All of the new evidence presented comes within the well-established rule that the trial court may, in its sound discretion, refuse a new trial upon this ground, where the new evidence is merely cumulative, or where it tends merely to impair the credibility of the evidence of the prevailing party.'' Citing a number of California cases.

No other reasons being assigned for reversal, we conclude that the judgment of the trial court should be affirmed; and it is so ordered.

Finch, P. J., and Young, J., *pro tem.*, concurred.