## LOCKE v. UNION GRADED SCHOOL DIST. NO. 6 OF LOVE COUNTY.

No. 27788.     Oct. 3, 1939.

C. C. Wilkins, for plaintiff in error.

Keller & Cameron, for defendant in error.

WELCH, V. C. J.   The essential facts are that the plaintiff, claiming to be the owner of a ten-acre tract of land, brought this action to recover from the defendant school district the northeast two acres of the ten-acre tract which had been deeded to the school district by a former owner. That former owner in his deed to the school district had expressly provided that the two-acre tract of land was deeded for school purposes so long as the same was used for the purpose of a school site and campus ground, with the express provision that when the same ceased to be used for said purpose, the title to the land tract should revert.   That deed was executed in 1914. It was the claim of plaintiff in this action, commenced in 1934, that the school district had abandoned this two-acre tract or had ceased to use the same for the specified purposes for which it was conveyed This was denied by the defendant's answer

Upon trial both parties expressly waived a jury and the cause was tried by the court. There was a general finding for the defendant, and judgment was rendered for the defendant, and quieting title of the defendant in and to the two-acre tract.

Upon appeal the plaintiff contends in effect that the findings and judgment for defendant are contrary to the evidence and contrary to law.

The original deed in 1914 was made to school district No. 2 of Love county. Sometime prior to the commencement of this action, by proper proceedings, including a vote of the people, that school district No. 2 and the adjoining school district No. 28 were formed into a union graded school district. It was apparently contended for plaintiff in the trial court that this formation of such union graded school district constituted an abandonment, or cessation by common school district No. 2 of the use of the two-acre school tract for the school purposes mentioned and specified in the original deed conveying the land to the school district.

In addition there was some other evidence. It showed a lack of continuous use, but that was explained by the witness on account of the small number of pupils near by, and there is but little, if any proof whatever, to indicate any definite abandonment or any permanent or extended cessation of the use of the school site.

A breach of such a condition subsequent is not lightly to be inferred, but must be made to clearly and unmistakably appear, before the person entitled to claim the reversion will be permitted to do so. The evidence in the case at bar does not satisfy such requirement, but, on the contrary, leaves ample ground for the inference that there never was any intention on the part of the school district to abandon the school site nor any intention to cease using it for the purposes specified in the deed, and that in fact there was no abandonment or any such cessation of use of the school site as would bring into operation the provision in the deed for reversion.

The judgment of the trial court included a general finding of the issues in favor of the defendant, that is. the school district, or the school board. Thus, in effect, each issue was found in favor of the defendant.

And it is too well settled to require citation of authority that such findings will not be disturbed on appeal if justified by any evidence or reasonable inference from the evidence tending in reasonable manner to support the findings. It was expressly so held in the second paragraph of the syllabus in Foreman v. Needles, 78 Okla. 105, 188 P. 1087.

In view of the findings of the trial court, we hold that the facts proven do not show any right to enforce a forfeiture of the title of the school district on account of breach of the condition subsequent in the deed to the school district, and that therefore the judgment of the trial court in defendant's favor was correct.

However, we cannot fully affirm the judgment of the trial court, as there is language in that judgment purporting to quiet in the school district a permanent fee-simple title, and to permanently bar and enjoin any future attack upon the school district's title. It may be that this language was inadvertently written into the journal entry. Of course, the school district title is only the title conveyed by the original deed in 1914, and that title was and is yet burdened with the provision that the land was conveyed for specific use and would revert in case of abandonment and cessation of the use of the premises for the specified purposes. Therefore, it would not be correct to decree fee-simple title in the school district, and to permanently bar and enjoin attack upon that title. The trial court should have gone no further than to deny plaintiff any recovery upon the proof presented. That is, to find in effect that at the trial and up to the time of trial there was no sufficient proof and showing that the school district had abandoned the school site or ceased to use it for the specified purposes so as to justify enforcement of the provision in the deed for reversion. Insofar as the judgment rendered would purport to go further than that, it must be to that extent modified, and with that modification the judgment of the trial court is affirmed.

BAYLESS, C. J., and OSBORN, HURST, and DAVISON, JJ., concur. GIBSON, J., concurs in conclusion. RILEY and CORN, JJ., dissent. DANNER, J., absent.