[Civ. No. 3844.    Fourth Dist.    Nov. 17, 1948.]

PHILIP O. H. WEIDEMAN et al., Appellants, v. VICTOR H. STAHELI, Respondent.

Edward R. Raskin for Appellants.

Best, Best, Gabbert & Krieger for Respondent.

MUSSELL, J.—This is an appeal from a judgment for defendant and from an order denying new trial in an action for injunction and damages.

Plaintiffs own approximately 470 acres of land situate in a mountain canyon in the county of Riverside, and defendant owns 80 acres adjoining on the east. Defendant acquired his property in 1927, and until July of 1946, used a roadway over a portion of the property now owned by plaintiffs to

reach his ranch which was farther up the canyon. In June of 1946, plaintiffs acquired their property and the following month defendant employed the owner of a bulldozer to make repairs to the roadway including that portion which crossed plaintiffs' land. When the repairs were almost completed, plaintiffs stopped the work and commenced this action for damages and an injunction against further trespass by defendant.

Defendant produced evidence substantially as follows: That the only way by which he could get to and from his ranch was over a roadway through a canyon which crosses plaintiffs' property; that in 1927 the roadway was in good condition for pedestrian and vehicular traffic and for almost three years thereafter defendant, who was in poor health, lived continuously on his ranch, constructed buildings thereon and used the roadway for automobile travel some four or five times a week to go to and from his home; that defendant's health improved and in the latter part of 1929 he returned to his former home in Manhattan Beach but continued to visit his mountain property, using the roadway some twenty or more times a year until 1940; that defendant used the roadway four or five times in 1940, two or three times in 1941 and 1942, once in 1943, and once in 1945; that in 1941 winter rains made three washouts in the canyon rendering the roadway impassable for automobile travel and it was necessary that defendant travel part of the distance to his ranch on foot; that after the washouts defendant was unable to secure equipment to repair the roadway until July, 1946, when he secured a bulldozer to make the necessary repairs; that defendant used the roadway without any objection from anyone until April 21, 1946, when he found a chain across the road and plaintiff Weideman informed him that he owned the property and questioned defendant's right to go over it; that there was no damage to plaintiffs' property from the road work and that defendant at no time intended to abandon his property or the roadway. Defendant employed a licensed surveyor who made a survey and map setting forth the legal description of the center line of the used roadway and testified as to its location on the ground. There was a conflict in the testimony as to the use of the roadway and the damage, if any, done. The conflict was resolved in favor of defendant and the court found that defendant obtained title to the roadway in question; that he used it continuously and uninterruptedly for the full prescriptive period and for years

thereafter, adversely, visibly and notoriously; that defendant did not abandon the roadway and that no damage was suffered by plaintiffs.

There is substantial evidence to support the findings of the court.

■ Defendant had acquired the right to use the road across the northeasterly portion of plaintiffs' property long before it was purchased by them in 1946. It was the only means of ingress into and egress from his property and he used it some 20 times or more each year from 1927 to 1940, and each year thereafter except in the year 1944. He improved the road and worked on it until 1941, and thereafter until 1946 was unable to procure assistance in keeping it in repair. No one ever questioned his right to the use of the road until 1946. There was substantial evidence that the defendant had therefore acquired a prescriptive right to the use of the road. (*O'Banion* v. *Borba,* 32 Cal.2d 145 [195 P.2d 10] and cases cited.)

■ When evidence of prescriptive use of a roadway is conflicting it is the sole province of the court to determine from the facts and circumstances of the case whether the prescriptive title thereto has been established. Where there is substantial evidence to support the finding of the court his conclusions may not be interfered with on appeal. (*Bartholomew* v. *Staheli,* 86 Cal.App.2d 844 [195 P.2d 824].)

■ The question as to whether or not the use of a right of way has been adverse and under a claim of legal right, or is a mere permissive use, is generally a question of fact to be determined from all the facts and circumstances in the case. (*McMorris* v. *Pagano,* 63 Cal.App.2d 446, 450 [146 P.2d 944] ; *O'Banion* v. *Borba, supra.*)

Plaintiffs contend that the easement had been abandoned prior to the alleged trespass.

■ Abandonment is a question of intention and may be proved by the acts and conduct of the party alleged to have abandoned the property and the burden rests upon the party alleging abandonment to prove the same by satisfactory and competent evidence. (*Templar Mining Co.* v. *Williams,* 23 Cal.App.2d 45, 50 [72 P.2d 566] ; *Thornton* v. *Phelan,* 65 Cal. App. 480, 483 [224 P. 259] ; 1 Cal.Jur. 10.) As was said in *Utt* v. *Frey,* 106 Cal. 392 [39 P. 807] : "To constitute such abandonment there must be a concurrence of act and intent, viz., the act of leaving the premises or property vacant, so that it may be appropriated by the next comer, and the

intention of not returning.'' ■ The acts and conduct of defendant in improving his property, visiting it each year whenever possible, and in grading the road, are entirely inconsistent with an intention on his part to abandon the roadway in question.

■ Plaintiffs attack the finding of the court that they suffered no damage. This was a factual question for the determination of the court and we cannot disturb this finding on appeal, where, as here, there was a conflict in the evidence and no financial loss to plaintiffs was shown.

■ The map showing the roadway was properly admitted in evidence. It was made by a surveyor and accurately located the center line of the road on the property and followed the traveled roadway on the ground. It was necessary that defendant describe the right of way so that it could be readily located and could not be shifted. (*Leverone* v. *Weakley*, 155 Cal. 395, 398 [101 P. 304].) The testimony was pertinent and admissible.

Plaintiffs' attempted appeal from the order denying the motion for new trial is dismissed. (*Chichester* v. *Seymour*, 28 Cal.App.2d 696 [83 P.2d 301].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.