### STEWART v. COLVIN et al.

No. 33522. Nov. 29, 1949.

Rehearing Denied Jan. 31, 1950.

*214 P. 2d 229.*

Homer B. Love, of Ponca City, for plaintiff in error.

Lester R. Maris, of Ponca City, for defendants in error D. O. Colvin and Lillian Colvin, his wife.

P. E. Irby, Jr., of Ponca City, for defendants in error Della Hurst and Nellie Close.

WELCH, J. This is an action in ejectment brought by Hazel Dell Stewart, administratrix of the estate of Clark Jerimia Colvin, deceased, against D. O. Colvin et al., to recover possession of lots 38 and 39 in block 6 in Bungalow Heights addition to the city of Ponca City, Oklahoma. Deceased died on the 2nd day of August, 1943, and plaintiff was thereafter appointed administratrix of his estate.

On the 9th day of August, 1933, deceased, who was then the owner of said premises, conveyed the same by

warranty deed to defendant, D. O. Colvin.

There appears in the deed immediately following the granting clause the following recital:

"It is further agreed and understood by these premises that the following names persons, to-wit: Mrs. C. H. Stewart, Mrs. Arthur Stewart, and Mrs. T. B. Mills, are each to be paid after my death $25.00 each, said payments to be made as above respectively named every thirty days until at the end of 90 days Mrs. T. B. Mills is to receive her $25.00.

"It is further stipulated that B. C. Colvin and J. E. Colvin and Mrs. E. H. Johnson are each to receive $1.00 from D. O. Colvin before said deed shall take full force and effect."

The deed shortly after its execution was delivered to the grantee, D. O. Colvin, and was by him recorded on the 16th day of April, 1935, at which time he took possession and assumed control of the premises, paid the taxes and insurance, made all repairs; and was in possession and control at the time of death of deceased, and is still in possession. Deceased, however, continued to live with defendant on the premises until his death. Defendant grantee in the deed did not pay the amount specified in the deed prior to the death of grantor nor did he tender such payment until after the instant suit was filed.

On the 10th day of June, 1946, D. O. Colvin and Lillian Colvin entered into a written contract with their codefendants, Della Hurst and Nellie Close, whereby they agreed to sell to them the premises involved for the consideration of the sum of $3,000, of which sum they were to pay $1,500 on the date of the execution of the contract and the balance upon the furnishing of a good and merchantable title.

Defendants, D. O. Colvin and Lillian Colvin, in their answer deny that deceased at the time of his death was the owner of the premises, but alleged that they were the owners of the full fee-simple title thereto, and by way of cross-petition ask that title thereto be quieted in them.

Defendants Della Hurst and Nellie Close intervened, filed their answer and cross-petition seeking specific performance of their contract.

The trial court denied plaintiff's claim and entered judgment in favor of defendants, D. O. Colvin and Lillian Colvin, quieting title to the premises in them upon payment to the court clerk of the amount specified for the use and benefit of the persons therein designated and decreed specific performance of the contract of sale in favor of codefendants, Della Hurst and Nellie Close.

Plaintiff appeals and asserts that the judgment rendered is contrary to law.

It is first contended by plaintiff that the deed in question does not convey a present interest in the land; that under its terms it is not to become effective until after the death of grantor; that the instrument is testamentary in character and, since it was not executed and attested in accordance with the statute relating to wills, it is void.

This contention is based solely on the recital contained in the deed to the effect that the grantees shall pay $25 each to the persons therein mentioned upon and after the death of the grantor. We see no merit to this contention. There is no language contained in the recital indicating that it was the intention of the grantor that title should not pass under the deed until after his death. The deed in question is a general warranty deed, has incorporated therein the usual recitals contained in such deeds, and conveys present title to the land and is a valid deed.

It is further contended by plaintiff that under the terms of the deed an estate on condition precedent is created and in support of this contention specifically refers to the following recital therein contained:

"It is further stipulated that B. C. Colvin, J. E. Colvin, and Mrs. E. H.

Johnson are each to receive $1.00 from D. O. Colvin before said deed shall take full force and effect."

It is argued that since the evidence shows that defendants' grantee has not paid or tendered payments of the amounts therein specified prior to the death of deceased, title did not vest in him but remained in deceased at the time of his death.

It is, of course, true that where the terms of a deed create an estate on condition precedent title will not vest in the grantee until such condition is performed. Fraley, Adm'r, v. Wilkinson, 79 Okla. 21, 191 P. 156; Wellsville Oil Co. v. Miller, 44 Okla. 493, 145 P. 344. The performance of such condition may, however, be waived by the grantor. In vol. 26, C. J. S. p. 497, sec. 158, it is said:

"Conditions in a deed may be waived, and the waiver may be before or after condition broken. No consideration is necessary, and the waiver may be by parol, even though the instrument is under seal; . . ."

"The waiver may be either express or implied from the circumstances. Thus the grantor's right of re-entry may be terminated by release or deed to the grantee; and a condition may be waived or a forfeiture saved by express agreement, and also by acts showing an intention to continue the estate in the grantee, or voluntarily to forego the benefits of the condition, especially where the grantor's declarations, conduct, or failure to act when he ought to act have been at variance or inconsistent with his right to enforce a forfeiture, or have so continued for a long period of time. . . .

"A waiver of the performance of a condition precedent may be implied where the grantor authorizes delivery of the deed to the grantee without insisting on its performance. . . ."

And in the case of Sanderson v. Davis, 89 Okla. 271, 215 P. 603, this court said:

"A condition subsequent contained in a deed may be waived or forfeiture saved, not only by express agreement, but also by acts showing an intention to continue the estate in the grantee, or to voluntarily forego the benefits of the condition, especially where grantor's declarations, conduct, or failure to act, when he ought to act, have been at variance or inconsistent with his right to enforce a forfeiture, or have so continued for a long period of time."

Assuming that it was the intention of deceased grantor at the time the instrument was drafted that title should not vest or pass to the grantee until the specified payments were made, since the evidence shows that he thereafter voluntarily delivered the deed to the grantee and permitted him to take possession and control of the premises and to continue to occupy and control the same for a period of eight years and until his death without insisting upon performance of the conditions, he thereby waived such condition and title thereupon vested in the grantee. The performance of this condition having been waived by the grantor during his lifetime could not be revived by his administratrix or heirs after his death. 26 C. J. S. 500, sec. 158.

The trial court in our opinion reached the correct conclusion.

Judgment affirmed.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.

Second Petition For Rehearing Denied Jan. 31, 1950.