PRIDDY et al. v. SHIRES et al.

No. 34071.    May 15, 1951.

Rehearing Denied July 3, 1951.

*233 P. 2d 298.*

H. A. Ledbetter, Ardmore, for plaintiffs in error.

T. G. Johnson and Geo. N. Otey, Ardmore, and Powell & Jameson, Sulphur, for defendants in error.

CORN, J. Plaintiffs brought this action against the defendants to quiet title to about 60 acres of land known as the Cedarvale project.

The defendants filed their answer and cross-petition wherein they contend that the title of the plaintiffs to the land in controversy is subject to the concession rights of the defendants by the following agreement; to wit:

"The first party does hereby grant unto second party the exclusive right in said project to maintain a lunch and confectionery stand and gasoline station with the exclusive right in said project to vend gas, oil and greases, drinks of all kinds, confections, ice cream, sandwiches, pastry, light lunches, tobaccoes and other merchandise of like or similar kind. The said business aforesaid, however, to be carried on only on the tract of land hereinbefore contracted to be conveyed. . . .

"Second party agrees to maintain and operate such business in a careful manner so that the same shall not become a nuisance and he agrees to maintain and operate the same in a first class manner so that the same will be and remain a credit to said Cedarvale-project. In this connection, a second party agrees to maintain a grease trap in connection with such filling station and dining room. First party agrees to maintain and operate the Cedarvale property in a careful and business like manner so same shall not become a nuisance.

"It is further agreed that if at any time during the summer season and while *to* (sic) the swimming pool facilities at Cedarvale project are operated, should the second party abandon said business or cease operation in said concession, then the exclusive concession privileges herein granted to second party shall cease and be forever terminated and shall not be revived if said concessions be subsequently reopened and first party shall have as full and complete privileges and rights as if the provisions of this contract with reference to exclusive privileges were never entered into. . . ."

The plaintiffs in the reply to the answer and cross-petition stated that if the concession rights were given to the defendants, the same were forfeited by a violation of said agreement in abandoning and failing to operate the business as provided in said agreement.

The issues thus joined after a full and complete hearing the trial court rendered judgment quieting the title in the plaintiffs. At the request of counsel the record contains the following statement made by the trial judge:

"By the Court: Yes, and that by operation of the contract itself. Leaving everything else out of this matter but the contract, through which Mr. Priddy or Mr. Gadenshire received his concession rights, the contracts and the concession rights granted under it have ceased to exist by operation of law and by the strict provisions of the contract itself. It was a part and parcel of the contract that these premises and concession rights should be kept open and accessible to the public, and war or no war, the contract specifically provides that once he loses the concession rights, that they cannot reinvest in him, and he lost those rights during the war, whether through his fault or not through his fault, and the contract specifically provides that those rights cannot be reinstated or revived, even though he subsequently re-opened the place of business, and I think the contract intended for that to be."

In Ross v. Sanderson, 63 Okla. 73, 162 P. 709, we held:

"Where a condition subsequent is raised by apt and sufficient words, the estate conveyed remains defeasible until the condition be performed, destroyed, or barred by the statute of limitations, or by estoppel."

And further in the case, we said:

"Notwithstanding its abhorrence of forfeitures, a court of equity will take jurisdiction, not to declare a forfeiture, but to quiet title already forfeited for nonperformance of a condition subsequent, when the plain language of the instrument shows that it was the purpose of the parties to declare that a breach should operate as a forfeiture."

In Kurz v. Farmers United Co-Operative Pool, 199 Okla. 224, 184 P. 2d 790, we held:

"The judgment of the trial court in an action of equitable cognizance will not be disturbed on appeal unless clearly against the weight of the evidence."

See, also, Freeman v. Benton, 199 Okla. 669, 189 P. 2d 944.

We find from the record there is ample evidence to support the judgment of the trial court.

Judgment affirmed.

ARNOLD, C.J., LUTTRELL, V.C.J., and WELCH, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.