## KRIEGER v. CONSOLIDATED DIST. NO. 2, VANOSS, et al.

No. 34181. July 10, 1951.

234 P. 2d 389.

King & Wadlington, Ada, for plaintiff in error.

Thompson & Braly, Ada, for defendants in error.

O'NEAL, J. This is an appeal from a judgment of the district court of Pontotoc county rendered on January 4, 1949, and from an order entered February 2, 1949, overruling the motion of plaintiff in error for a new trial. The judgment is for $425 and costs for the alleged conversion of a school building. The action was commenced against plaintiff in error herein, Addie Krieger, and two other defendants, Bill Manning and H. C. Maxwell. The trial court sustained demurrers of Manning and Maxwell to the evidence of plaintiff, and the action was dismissed as to them. The trial was continued without a jury as against defendant, Addie Krieger, resulting in a judgment in favor of plaintiff Consolidated School District No. 2, Vanoss, Oklahoma, the members of the school board of said Consolidated School District No. 2, and Walnut Grove School District No. 63, Pontotoc County, Oklahoma, and the members of the Board of Trustees of said School District No. 63.

The petition of plaintiffs alleged, in substance, that plaintiffs are and at all times mentioned in the petition were the owners and in possession of the house, building, and appendages thereto located on the two-acre tract of land described as follows:

"Beginning at a point 300 feet East of the Northwest Corner of the Northeast Quarter of the Northwest Quarter of Section Two (2) in Township four (4) North, and Range five (5) East, thence at right angles due south 210 feet; thence at right angles east 420 feet; thence at right angles north 210 feet; thence at right angles west 420 feet to place of beginning, containing 2 acres, more or less, as the case may be, according to the Government survey thereof."

The petition further alleged that said building for many years had been used for school purposes known as Walnut Grove School, and officially designated as School District No. 63, Pontotoc

County, State of Oklahoma; that defendants did, on March 31, 1948, enter upon the above described premises, without authority, and unlawfully removed all the buildings and appendages thereto which consisted of a schoolhouse and teacherage, and so unlawfully moved said buildings from the premises and possession of the plaintiffs; that plaintiffs have duly demanded of the defendants the possession and return of said buildings, but defendants have refused, and still refuse, to deliver same to plaintiffs, or return same to the premises from which they were removed and have thereby converted and disposed of same to their own use and to plaintiff's damage in the sum of $1,800.

Defendants filed their answer consisting of a general denial of all allegations of said petition, unless same be specifically admitted, and further allege: That District No. 63, designated herein as Walnut Grove School District, Pontotoc County, Oklahoma, is a disorganized district of said county and has no legal existence in fact or in law and has no right, title or interest, legal or equitable in and to the lands or any part thereof or any appurtenant thereunto belonging, and has no legal capacity to sue or be sued in this or any other action; that the said District No. 63, designated as Walnut Grove District, Pontotoc County, Oklahoma, took the lands described with this reservation in the deed under which they took possession, said reservation being as follows:

"It is expressly agreed and understood by and between the parties hereto that said premises are to be used for school purposes and whenever the same are abandoned and not used for school purposes that the title shall revert to the grantors herein,"

and this deed was duly executed, acknowledged and delivered on the 10th day of September, 1913, and said deed contained the above reservation and has been so used and occupied by said reservation, and under and by virtue

of said deed, said premises reverted to the defendant, Addie Krieger, and her husband, Charles F. Krieger, the last one being the original allottee of said lands, as a member of the Choctaw Tribe of Indians; that said Addie Krieger, under the name of Addie B. Krieger, joined by her husband, Charles F. Krieger, sold the portion of the lands out of which the acreage complained of herein and as described in the said petition of the plaintiffs herein, to W. C. Rose, but in said sale specifically excepted from the said conveyance the lands described in said plaintiffs' petition herein, and the said plaintiffs and none of them have any right, title and interest, legal or equitable, in and to said lands or any appurtenant or hereditament thereunto pertaining or in any manner connected. The said exemption as set forth in the said deed to W. C. Rose, reading as follows: "Less 2 acres in Northwest Corner for School District No. 63:" that the said defendant Addie Krieger, same person as Addie B. Krieger, and her husband, have never made any conveyance of the title except the said deeds referred to as above and are now the owners of the entire fee-simple title and the full and complete equitable estate and all appurtenances and hereditaments thereunto belonging to or in any way connected, and none of the plaintiffs have any right, title and estate, legal and equitable, in and to the lands described in plaintiffs' petition and have no legal right to so assert or make any claim whatever.

Defendant W. J., or Willie, Manning appears to have filed a separate answer consisting of a general denial. As stated above, the demurrers of defendant Manning and defendant Maxwell to the evidence of plaintiff were sustained and they pass out of the case.

Judgment was rendered in favor of plaintiffs and against defendant Addie Krieger:

" . . . that the defendant, Addie Krieger restore the buildings and appendages removed by her, to the prem-

ises and real estate first hereinbefore described in the same condition as they existed prior to their removal. therefrom all within six weeks from the date of this judgment; and further that in the event the defendant, Addie Krieger fails, neglects or refuses to so restore the building and appendages so removed by her in the time and manner directed, that the plaintiff have and recover judgment against her in the sum of $425.00 together with interest thereof (sic) at the rate of 6% per annum from the 4th day of January, 1949, until paid, for all of which let execution lie,"

and Addie Krieger appeals.

The record shows, and defendant Addie Krieger admits, that she employed Manning to remove the building involved from the two-acre tract, and that he did not remove said building on March 31, 1948. There was evidence as to the reasonable market value of sadi building, and the court found that said buildings were of the value of $425.

On July 16, 1947, the State Board of Education issued a "Notice of declaration of annexation," as follows:

"State Board of Education

Oklahoma City, Oklahoma

"Notice of Declaration of Annexation

"Pontotoc County

"To the, County Superintendent, County Treasurer, County Clerk, and County Assessor of the above named county; the chairman of the Oklahoma Tax Commission, and clerk of the school board of the districts affected:

"You are hereby notified that in accordance with the Provisions of Article II, House Bill No. 85 of the 1947 Session of the Oklahoma Legislature, District No. 63 of Pontotoc County, State of Oklahoma, is hereby declared to be disorganized and annexed to the following school district or districts, as designated below:

"To: C-1—That part of SW ¼ of 36, S. of S. Canadian River, T5N, R5E, W ½ of 1, NE ¼ of 11, T4N, R5E.

Remainder to: C-2

"Action taken this 16 day of July, 1947, by the State Board of Education meeting in regular session.

"(SEAL)

"State Board of Education

"By W. T. Doyle, Secretary"

There was no school conducted in the building involved after the close of the fiscal year ending June 30, 1947. The building stood vacant from July 1, 1947, to March 31, 1948, about nine months, or eight months and 14 days, after said notice of declaration of annexation was issued.

The record also shows that School District No. 63, Pontotoc County, acquired the two-acre tract as a school site from the original allottee, Charles F. Krieger, and defendant Addie Krieger by deed dated September 10, 1913; said deed provided:

" . . . That we, Charles F. Krieger, joined by his wife, Addie Krieger, of the City of Ada, of the County of Pontotoc, and State of Oklahoma, parties of the first part, for and in consideration of the sum of $1.00, cash in hand paid, the receipt of which is hereby acknowledged, do by these presents, Grant, Bargain, Sell and Convey unto the Trustees, and their successors in Office, of School District No. 63 of Pontotoc County, and State of Oklahoma, parties of the second part, the following described real property and premises in the County of Pontotoc and State of Oklahoma, and more particularly described as follows, to-wit:" (Describing it.)

"To Have and To Hold the Said described premises unto the said parties of the second part, their heirs and assigns forever, free, and clear and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatever nature.

"It is Expressly Agreed and Understood by and between the parties hereto that said demised premises are to be used for school purposes and that whenever the same are abandoned and not

used for school purposes that the title shall revert to the grantors herein.

"Signed and Delivered this the 10th day of September, 1913."

There are ten assignments of error, but defendant does not present them in their order. She sets forth one general contention which is that the issuance of the notice of declaration of annexation after article 2, chap. 21, Title 70 of the Session Laws of 1947, became effective, coupled with the fact that no school was conducted in the building in question after July 16, 1947, to the date of the removal of said buildings, constituted an abandonment of the two-acre tract for school purposes, and the said two-acre tract with the buildings thereon reverted to Charles F. Krieger and Addie Krieger under the express terms of the deed under which School District No. 63 acquired its title.

In Locke v. Union Graded School District No. 6 of Love County, 185 Okla. 471, 94 P. 2d 547, it was held:

"The formation of two common school districts into a union graded district does not necessarily constitute any abandonment or cessation of the use of the school site in either of the common school districts for school purposes."

In the opinion it is said:

"A breach of such a condition subsequent is not lightly to be inferred, but must be made to clearly and unmistakably appear, before the person entitled to claim the reversion will be permitted to do so. The evidence in the case at bar does not satisfy such requirement, but, on the contrary, leaves ample ground for the inference that there never was any intention on the part of the school district to abandon the school site nor any intention to cease using it for the purposes specified in the deed, and that in fact there was no abandonment or any such cessation of use of the school site as would bring into operation the provision in the deed for reversion."

In the instant case there was not only no evidence to prove the intention to abandon, but there was positive evidence that it was not the intention of the members of the school board of Consolidated School District No. 2 to abandon said premises. Mr. Carl Solomon, chairman of said school board testified:

"Q. So you became chairman in the spring of 1947? A. Yes, I guess that is right.

"Q. Now, during all of that time you have taken an active interest and participated in all of the business affairs of the school board, have you not? A. Yes, sir. . . .

"Q. I will ask you if it was ever the intention of the school board to abandon the buildings at the site of the old Walnut Grove School District? By Mr. Wadlington: We object to that as incompetent, irrelevant and immaterial. By the Court: Overruled. By Mr. Wadlington: Exception.

"Q. Did the board ever abandon or intend to abandon any of the property located at the old Walnut Grove School site? By Mr. Wadlington: We object to that because it calls for a conclusion. By the Court: Overruled. By Mr. Wadlington: Exception. A. No, we hadn't and didn't intend to abandon it.

"Q. Had you ever authorized or instructed Mr. Wilmoth, your superintendent to make use of that property? A. Well, we keep our buses in the far ends of the routes—they come in and go back home—they don't make double trips and we thought we were going to hire a driver and put him over there and there was more or less confusion among the people over there, they weren't getting along among themselves and we didn't know just what we would do or could do and we kind of laid off until we found out what the law was."

Norman C. Mitchell, county superintendent, testified:

"Q. Now, Mr. Mitchell, what if any plans had been made for the use of this chool (sic) property out there after it was annexed to the Vanoss School District? A. We assumed that the Vanoss Board would continue to make some use of the property there at Walnut Grove School. One plan that we

were particularly interested in was to move the bus driver into the teacherage because that was close to the end of the route over there and Vanoss District isn't usually able to pay too much in the way of salaries and it was our thought that we could induce a driver for the job by supplementing his salary a little bit by giving him a free place to live and then Mr. Wilmoth and I had an idea the vocational agricultural Department of the Vanoss high school could make good use of the property over there in carrying on their vocational agricultural program. And a vocational agricultural program requires a certain amount of work among the adults—that is, a part of the vocational agricultural program; and it was our plan to make some use of it in that way. But, I will say our plans were a little hazy or a little indefinite as to just what use was to be made of it but there was no idea on our part to not make any use of the property in connection with the Vanoss School program. The annexation of the Walnut Grove District to the Vanoss District extended the consolidated district up to the Canadian River, practically, and from the fartherest northern limit of the old Walnut Grove District to the Vanoss School would be some twenty miles, more or less? . . .

"Q. And it was your plans to put a school bus driver up there in that corner of the district? A. Yes, sir.

"Q. And then, also, it would be useful for any vocational work you might want to have up there? A. Yes, sir.

"Q. Had those tenative (sic) plans been discussed? A. That is right, they had.

"Q. More then once? A. Yes, many times. We have anticipated the annexation of these district (sic) and they have occurred in other parts of our county and we have gone a considerable way in connecting these people who live in the corner up with the home school."

In Weideman v. Staheli, 88 Cal. App. 2d 613, 199 P. 2d 351, it was held:

"Concurrence of act of leaving property vacant so that it may be appropriated by the next owner and inten-

tion of not returning is necessary to constitute 'abandonment.' "

The trial court specifically found that the plaintiffs had not abandoned the school site referred to and described in the petition for school purposes. There is ample evidence to support that finding. Defendant in error's brief admits that she has not returned the building to the place from which it was removed. The judgment in favor of plaintiffs for $425 and costs is affirmed.