I. M. PUTNAM, Plaintiff in Error,

v.

OKLAHOMA CITY, Town of Nichols Hills, Will L. Bradford, and Estelle R. Bradford, if living, and if deceased, their unknown Heirs, Successors, Devisees, Trustees and Assigns, immediate and remote, Defendants in Error.

No. 36836.

Supreme Court of Oklahoma.

April 3, 1956.

Rehearing Denied May 2, 1956.

Renegar & Renegar, Lester Lloyd, Jr., Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, Edward H. Moler, Asst. Municipal Counselor, Oklahoma City, for defendants in error.

CORN, Justice.

Plaintiff brought this action seeking to quiet title to certain described property in Oklahoma County. The property involved constitutes a part of a public thoroughfare known as Grand Boulevard. This is a strip of land approximately 200 feet in width which encircles the city of Oklahoma City and connects the major parks. The land was acquired for, and is a part of the city park system. The land in question, originally owned by a now defunct development company of which plaintiff was president, extends in a northwesterly direction from Northwest 63rd Street to Pennsylvania Avenue and passes through the incorporated town of Nichols Hills, a named defendant herein, which was platted subsequent to acquisition and establishment of Grand Boulevard.

The petition alleged plaintiff's ownership and possession of the property; that plaintiff's title was derived under a certain contract between himself and defendants Bradford, which contract had been fully complied with; that the property passed to defendant, Oklahoma City, Oklahoma, under a quit claim deed dated January 24, 1910, which contained the following provision:

> "To have and to hold the above described premises unto the said City of Oklahoma City, and to its successors and assigns for purpose of a boulevard only and to revert to first parties or their assigns if used for any other purpose or if the work of reducing this right of way to Boulevard is not begun within two years from date."

Plaintiff further alleged the terms of the grant were not carried out as required under the deed, and by reason thereof the property reverted to and has belonged to plaintiff since January 24, 1912, and asked that title thereto be quieted in plaintiff as against any and all claims of defendants.

Defendant, City of Oklahoma City, answered denying the allegations of the petition. Defendant also alleged the terms and conditions of the deed were and have been complied with at all times; the work of reducing the property to boulevard purposes was begun within two years from the date of the deed, and at all times since that date defendant has continuously possessed, used and occupied the property as a part of Grand Boulevard. Defendant further plead acquisition of a prescriptive title under the applicable statutes, 60 O.S.1951 § 333; and, the statute of limitations, 12 O.S.1951 § 93(4), precluded plaintiff from claiming title or interest therein. Plaintiff replied by general denial of all matters asserted by way of defense.

Plaintiff's testimony, given by deposition, was that the work of reducing the property to boulevard purposes was not begun by defendant within two years from date of the deed, and that it never had been reduced to boulevard purposes; that plaintiff or his representatives had been in continuous possession of the property since the date of the deed; the property had not been fenced, and was not planted to crops or grazed, leased or occupied by any persons claiming under him, and no taxes had been paid thereon since execution of the deed.

Plaintiff's attorney testified he had represented plaintiff for many years, and in 1931 plaintiff had discussed this property with him and asked that he keep track of the property. The witness also stated signs had been erected reading "property of I. M. Putnam", but there was no evidence showing either location or date of erection of such signs. There was other evidence relative to the lack of stop signs at intersecting streets and highways along this road. During the proceedings plaintiff disclaimed as to any property other than the strip of land extending in a northwesterly direction between northwest 63rd street and Penn-

sylvania Avenue, this being a portion of the land conveyed to defendant, and the only property involved herein.

Defendant's evidence was that work was begun upon the boulevard property in 1910 or 1911; the roadway was laid out and graded, and bridges and culverts were installed; the entire strip had been occupied and maintained continuously by the City Park Department; a department maintenance crew was assigned to maintaining the entire boulevard, including the property in question; the roadway constructed and maintained over the years is approximately 50 feet wide, including borrow ditches, and the remainder of the strip contains trees and shrubs planted by the park department. The Town of Nichols Hills at all times has recognized defendant's ownership of the property. Grand Boulevard has been open to the public continuously since 1910, and defendant has exercised complete dominion and control over the property.

After hearing the evidence the trial court found all issues of law and fact generally in favor of defendant, denied plaintiff any relief and dismissed plaintiff's action. This appeal presents the question of the correctness of the trial court's judgment rendered upon such findings.

Two propositions are urged as grounds for reversal of the judgment. However, plaintiff's entire argument may be summed up in the following manner. The deed granted the property involved to the defendant in fee, determinable upon a condition subsequent; the evidence showed breach of the requirement to utilize the property for boulevard purposes because defendant failed: (1) to designate the road as a boulevard as defined by City Ordinance, or in the city traffic code; (2) to develop the entire right of way in a manner commensurate with plaintiff's conception of the degree of development intended by the deed.

Thus the conclusion is reached that, although plaintiff waited many years to ascertain whether defendant would utilize the property for boulevard purposes, the record shows a failure to begin the boulevard within 2 years, in accordance with the deed, and therefore plaintiff is entitled to terminate defendant's possession and claim the property by virtue of the reversionary interest in the deed. To support such claims plaintiff relies upon Priddy v. Shires, 204 Okl. 664, 233 P.2d 298, as announcing the rule to be applied, and other cases which deal with a grantor's right to assert a right of reverter upon the happening of a condition subsequent.

No real controversy exists as to whether the deed, by the provision quoted, conveyed the fee in this property, determinable upon a condition subsequent. Hence no purpose would be served by extended discussion relative to the nature, requisite elements and rights acquired by such a conveyance. Neither is it incumbent upon us to consider the effect of the rules in the other cases cited because they are inapplicable in view of the conclusion reached.

It is important to note that this conveyance required only that the property be utilized for boulevard purposes, and that the work of reducing the right of way to a boulevard be commenced within 2 years. No contention is made that the right of way has been used other than for a public thoroughfare, and the evidence is clear that work actually was begun within the required period. Thus the essence of plaintiff's argument simply is that the property reverted to him because not developed in a manner sufficient to satisfy plaintiff's conception of what a boulevard should be. It well may be the improvement made was not as extensive as was contemplated by plaintiff at the time of the grant. However, it is noteworthy the instrument made no specific requirement as to the extent of improvements to be made, or the time within which same should be completed. We do not believe the failure to declare this roadway a boulevard by ordinance or traffic code regulation can be considered controlling. Aside from matters of common knowledge, the evidence discloses a complete and consistent effort on the part of defendant for over 40 years to develop the property in question for the purpose specified in the plaintiff's deed, and the continuous public use of the property for road purposes.

■ The following statement from Locke v. Union Graded School Dist. No. 6, of Love County, 185 Okl. 471, 94 P.2d 547, 548, is particularly applicable to the present case.

"A breach of such a condition subsequent is not lightly to be inferred, but must be made to clearly and unmistakably appear before the person entitled to claim the reversion will be permitted to do so."

See also Stewart v. Colvin, 202 Okl. 380, 214 P.2d 229; which quoted the general rule as expressed in 26 C.J.S., Deeds, § 158, that conditions in a deed may be waived and a forfeiture saved " * * * by acts showing an intention to continue the estate in the grantee, or voluntarily to forego the benefits of the condition, especially where the grantor's declarations, conduct, or failure to act when he ought to act have been at variance or inconsistent with his right to enforce a forfeiture or have so continued for a long period of time."

■ A further reason points up the invalidity of plaintiff's claim. The conveyance to defendant was a determinable fee upon a condition subsequent. Plaintiff alleged breach of the condition subsequent in 1912. It is elementary that a breach of a condition in a deed does not ipso facto reinvest the grantor with title. Any right to declare a forfeiture by reason of the alleged breach arose in 1912 and gave rise to a right of re-entry. It is uncontradicted that plaintiff took no steps to assert any claim, other than possibly having placed signs upon the property in very recent years. Thus it is apparent that any cause of action for defendant's alleged breach of condition arose in 1912, but no effort to assert same was made for approximately 40 years, during all of which period defendant's possession and public use of the property was visible and adverse to plaintiff.

By way of defense the defendant specifically plead the applicable statute of limitations, 12 O.S.1951 § 93(4). We are of the opinion defendant's subsequent and continuous possession following the alleged breach of condition set the statute to running, and provided an effective bar to the cause of action sought to be asserted by plaintiff. In Kisner v. McCurry, 196 Okl. 210, 163 P.2d 963, the first syllabus states:

"A public highway may be established by prescription in Oklahoma if the land is actually used by the public for that purpose, with the knowledge of the owner, actual or implied, adversely under a claim of color of right and not merely with the owner's permission, and continuously and uninterruptedly for the period required to bar an action for the recovery of the possession of land or otherwise prescribed by statute."

Defendant's uninterrupted, adverse possession was sufficient to establish title by prescription.

Judgment affirmed.